JOHN W. BISHOP *et al.* v. T. H. MCHENRY.

No. 75.

1. PLEADINGS — *Verification — Waiver.* Where the bill of particulars in a case before a justice of the peace sets out a cause of action upon a promissory note, and judgment is rendered thereon for the plaintiff, and the defendant appeals to the district court, and then by leave of the district court files his answer setting up a counterclaim, and the same is verified by affidavit as true, and there is no denial of the answer under oath, but the parties proceed to trial and treat the matter as though the answer was denied under oath, and each party gives evidence to prove and disprove the counter-claim, and no objection is raised to the proceedings in the trial court, it is too late to raise any question on the pleadings in this court.

2. FINDINGS OF COURT — *Review on Appeal.* Where a case has been tried upon the pleadings and evidence by the court without a jury, and there is conflicting evidence, and the court has found the amount due between the parties, and renders a judgment for the amount so found, and there is evidence tending to prove the facts necessary to sustain the findings, this court cannot hold that there is not sufficient evidence to support the judgment of the district court.

MEMORANDUM.—Error from Hamilton district court; A. J. ABBOTT, judge. Action by T. H. McHenry against John W. and James Bishop on a promissory note. Judgment for plaintiff. Defendants bring the case to this court. Affirmed. The opinion herein, filed May 12, 1896, states the material facts.

*A. A. Howell,* for plaintiffs in error.

The opinion of the court was delivered by

JOHNSON, P. J.: This action was originally commenced before a justice of the peace of Hamilton county on a promissory note. The plaintiff below filed the following bill of particulars:

"The plaintiff, T. H. McHenry, alleges: (1) That the defendants, John W. Bishop and James Bishop,

are indebted to him in the sum of $153.75, upon a promissory note executed and delivered by the defendants to Melissie Clauston, for the sum of $148.88, dated October 13, 1890, payable and due 60 days after date, drawing interest at the rate of 10 per cent. per annum from date, and that a copy of said note is hereto attached and made a part of this bill of particulars, marked 'Exhibit A.' (2) Plaintiff further alleges that said promissory note was assigned to him by the payee of said note, in writing, for a valuable consideration, on the 3d day of January, 1891, and that no part of said sum named in said note has been paid, and that the sum of $153.75 is now justly due from defendants to plaintiff, and that no part thereof has been paid. Wherefore, plaintiff demands judgment for the sum of $153.75, and interest at the rate of 10 per cent. per annum from February 7, 1891, and for costs of suit.    T. H. McHENRY,

"J. M. JOHNSON, and A. COLE,    *Plaintiff*.
*Attorneys for Plaintiff*."

" EXHIBIT A.

"$148.88.    SYRACUSE, KAN., October 13, 1890.

"Sixty days after date, for value received, we or either of us promise to pay to the order of Melissie Clauston the sum of one hundred and forty-eight and $\frac{88}{100}$ dollars, with 10 per cent. interest from date.

JOHN W. BISHOP.
JAMES BISHOP."

Indorsed as follows: "I hereby assign the within note over to T. H. McHenry, January 3, 1891.
MELISSIE CLAUSTON."

The defendants below were duly notified of the filing of the bill of particulars and pendency of the suit by service of summons. They appeared before the justice at the time set for trial and made some motions to dismiss the action, which were overruled by the justice, and they thereupon withdrew from the court and refused to appear in the case. The trial before the justice resulted in a judgment for the plaintiff be-

low, and the defendants, within the time allowed by statute, appeared and took an appeal to the district court; and thereafter, upon leave of the district court, filed their separate answers, as follows:

"Comes now the defendant, John W. Bishop, after having obtained permission of the court to file his answer herein, and for separate answer alleges that he denies each and every allegation contained in the plaintiff's bill of particulars except that portion which is hereinafter specially admitted. Defendant admits that he executed the note for the amount specified in the plaintiff's petition, and at the time therein set forth. Defendant for ground of defense alleges, that on the 28th day of December, 1888, one Melissie Clauston, the payee of the note set out in plaintiff's bill of particulars, entered into a contract with this defendant, whereby this defendant executed his certain promissory note for the sum of $75, and was to and did pay the sum of 3 per cent. per month thereon for three months; and that on the 18th day of May, 1889, the said Melissie Clauston as aforesaid, payee of said note sued on by said plaintiff, entered into a certain other contract with this defendant, whereby defendant executed his certain promissory note for the sum of $350, and defendant was to and did pay 2 per cent. per month for three months; that the said $75 note was taken up and incorporated in the said note of $350, and that the said notes aforesaid were paid by defendant, except the amount sued on in this action, which was and is a part of the aforesaid notes; and at divers times defendant paid usurious interest to the amount of $43.50 above legal interest, which said amount of usury was taken out of the principal in advance; that the said note sued on in this action was assigned and transferred to the plaintiff after maturity.

"Defendant alleges for a second ground of defense, that he is a regular practicing attorney, and was at the time hereinafter mentioned, and that the said note was assigned to the said plaintiff by the said Melissie Clauston after maturity, and that, at the time defend-

ant was notified of said assignment, the said Melissie Clauston was indebted to said defendant in the sum of $67.75 for services rendered as an attorney and other accounts, as per itemized statement hereunto attached, marked 'Exhibit A,' and made a part of this answer, all of which amounts are due and unpaid.

"Wherefore, defendant prays that the said sum of $60.30 paid as usurious interest to the said Melissie Clauston be applied as part payment on the note sued on by the plaintiff in this action, and that the counter-claim and set-off set out in defendant's second cause of action, amounting to the sum of $67.25, be applied to the payment of said note, and interest at 6 per cent. from April 1, 1890.

JOHN W. BISHOP, *Defendant.*"

"State of Kansas, Hamilton County, ss.

"John W. Bishop, of lawful age, deposes and says, he is one of the defendants in the above-entitled action, and that he has read the foregoing answer, and that he knows the contents therein to be true.

JOHN W. BISHOP.

"Subscribed and sworn to before me, this 9th day of June, 1891.    R. E. BRAY, *Clerk District Court.*

EXHIBIT A.

Melissie Clauston, *Dr. to John W. Bishop.*

| | |
|---|---|
| July 29, 1889, work done before land-office............... | $2 00 |
| September 1, 1889, collecting note $15 from J. N. Hall..... | 1 50 |
| December 1, 1889, to December 1st to newspaper.......... | 1 50 |
| January 1, 1891, securing exemption..................... | 2 00 |
| Attorney fees for services rendered commencing April 1, 1888, and ending April 1, 1890......................... | 50 00 |
| October 3, 1890, paying note in Hamilton County Bank.... | 10 60 |

Answer of James Bishop:

"Comes now the defendant James Bishop, and after having permission of the court to file his answer herein, and for his separate answer alleges: That he denies each and every allegation set out in plaintiff's bill of particulars except that which is hereinafter specially admitted: Admits that he signed the note as surety; and for ground for defense alleges the sum of $110.75 has been paid as usurious interest and

counter-claim by the said John W. Bishop, with interest thereon at the rate of 6 per cent. per annum from April 1, 1890. JAMES BISHOP.

"By A. A. HOWELL, *his Attorney.*"

Upon the bill of particulars and the answers of defendants below the case was tried before the court without a jury, and resulted in a judgment for the plaintiff below. Defendants excepted, filed a motion for a new trial, which was overruled, and made a case and bring it here for review.

The plaintiffs in error in their brief state that there are but two questions for the court to consider: (1) Plaintiffs in error's counter-claim; (2) the question of usury.

The plaintiffs in error contend that because the counter-claim was duly verified by affidavit, and the plaintiff below did not deny the same by verified reply, it should have been taken as true, and the whole amount claimed therein should have been allowed, and that judgment should not have been rendered for any greater sum than the balance due on the note after deducting the amount set forth in the counter-claim of the defendants below. This would be so under section 1, chapter 61, page 84, Laws of 1886 (Gen. Stat. 1889, ¶ 4191); but on the trial of the case the parties treated the answer as though the whole matter was denied by a verified reply, and no question was raised before the district court on account of the failure to file a verified reply, and the parties proceeded to offer their evidence the same as though every allegation and every item of the counter-claim was denied under oath. The question is raised for the first time in this court. Parties cannot proceed to the trial of a case in the lower court and treat it as though all necessary pleadings were before th ·

34—4 KAN. APP.

Bishop v. McHenry.

court to put each party on proof of his cause of action or defense, and, after judgment has been rendered and the case brought into this court, then, for the first time, raise a question under the pleadings that ought to have been raised before the trial court. If the question had been raised in the district court at the proper time, the court would have allowed the party to amend the defective pleading or file a new pleading, as the rights of the parties demanded.

So far as the question of usury is concerned the whole matter was before the court. The question of usury was set out in the pleadings, and each party gave its evidence respecting the transactions leading up to the giving of the note sued upon : the original consideration, the renewal of notes from time to time, crediting all payments thereon, the loaning of additional sums of money, giving of bonds and notes to secure the same, and the various settlements between the parties respecting their dealings. While there was considerable conflict in the evidence in respect to the matter of dealing between the parties, upon the whole evidence the court found the amount due upon the note, and rendered a general judgment for the amount so found to be due. We think the judgment of the court is sustained by sufficient evidence, and the motion for new trial was properly overruled.

There being no error in the trial of this case, the judgment of the district court is affirmed.

All the Judges concurring.