## THE SWOFFORD BROTHERS DRY GOODS COMPANY v. M. S. BERKOWITZ.

### No. 315.

1. AGENCY, *Evidence of— Tort.* Plaintiff below, defendant in error, charged the defendant below, plaintiff in error, with the conversion of goods. For the purpose of charging it with the acts and declarations of a third person as its agent, the plaintiff proved that this person had at the time in his possession an account or statement of goods sold by the defendant to the plaintiff, and of which he was demanding payment. *Held*, That this was not sufficient proof of agency upon which to charge the defendant with tortious acts and declarations respecting the same.

2. —— *Ratification—Purchase by Principal.* For the purpose of showing that the defendant ratified the acts of this person, the plaintiff proved that the defendant subsequently bought the goods in controversy at a sale made by a constable, and that this constable's deputy took the goods at the instance of the person claimed to have been acting as the agent of the defendant. *Held*, that this was not sufficient proof to establish a ratification of any tortious acts of such person.

3. —— *Pleading— Allegation of Appointment.* The petition alleged that "the defendant, the Swofford Brothers Dry Goods Company, carried away and converted to their own use" the goods in controversy, and "that after the wrongful and unlawful conversion of said property on the part of said Swofford Brothers Dry Goods Company, by and through their duly and legally authorized agents, plaintiff made a demand of said defendant for said goods," etc. *Held*, That this was not such an allegation of appointment or authority as contemplated by section 108 of the code, and that these allegations did not require a verified answer to create an issue as to the unlawful taking or conversion of the goods.

Error from Wyandotte court of common pleas; T. P. ANDERSON, judge. Opinion filed January 6, 1898. Reversed.

*Ellis, Reed, Cook & Ellis*, for plaintiff in error.

*D. B. Van Syckel*, and *Geo. W. Littick*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : Objection is made to the consideration of this case, because, it is said, it does not appear that a motion for a new trial was filed at the term at which the verdict was found and the judgment entered. In this counsel are mistaken. It does so appear from the record. The verdict was returned and filed on May 12, 1894. The motion for a new trial was filed on May 14. On June 16, 1894, the motion was denied. By section 17 of the act creating the court of common pleas of Wyandotte county (Laws 1891, ch. 92 ), the terms of court are required to begin on the first Mondays in February, May, September, and November. Hence, it could not have been otherwise than that the entire proceedings were had at the May term.

The validity of the judgment depends upon the solution of the question whether there is contained in the record any competent proof on behalf of the plaintiff showing that the plaintiff in error converted the property for which damages are sought. The petition does not allege a wrongful taking of the goods in the first instance. It alleges that " the defendants carried away and converted " them to their own use, by refusing to surrender them on demand. The fact that the taking in the first instance was not unlawful made it necessary to aver a demand and refusal, to constitute a conversion or an actual disposition of the goods. However, the plaintiff proved no demand, but sought to prove an unlawful taking. To do this, under the circumstances of the case as they appear to have been, it became necessary to show that some one, whose name is not disclosed by the record, was the agent of the plaintiff in error,

authorized by it to take possession of the goods, or that subsequent thereto the plaintiff in error ratified the acts of this person as its agent in the matter.

The court permitted the defendant in error to testify to the declarations of this person. It is conceded that such declarations are not competent evidence to establish an agency, but counsel say that this person's having a bill or statement of account in his possession was sufficient evidence of agency to make the declarations competent. .They also say that the declarations were part of the *res gestæ*. This would be correct had the agency been first established. In support of this contention, counsel cite *Swenson v. Aultman*, 14 Kan. 273, which holds that the declarations of an agent engaged in the transaction of his principal's business are competent evidence, as a part of the *res gestæ*, after the fact of the agency is established. That the alleged agent had a paper purporting to be a bill or statement 1. Agent's posses- of account against the defendant in error, sion of account. cannot be said to authorize the commission of a trespass such as the defendant in error attempted to prove had been committed by the alleged agent. The possession of an evidence of indebtedness, in writing, has been held to prove authority to receive the money due thereon. It has never been held to be evidence of authority to commit a tort. Counsel cite *Streeter v. Poor*, 4 Kan. 412, in which the court limits the application of this rule to the very act of collecting the note.

*Bronson's Executor v. Chappell*, 12 Wall. 681, is cited as supporting the contention that the acts of this alleged agent were ratified by the defendant below. It is there held that where one, without objection, suffers another to do acts which proceed upon the ground of authority, and, with knowledge of all the facts in

relation to the matter, adopts and sanctions the acts, he will be bound although no previous authority existed. There is no evidence of such adoption or sanction of the acts of the alleged agent in this case. If the declarations thus proven were eliminated from the record, it will not be contended that there would be any satisfactory evidence of such adoption or sanction. The evidence does disclose that the plaintiff in error, by its agent, subsequently purchased the goods in controversy at a constable's sale. But

**2. Subsequent purchase by principal.** eliminate the declarations and acts of the supposed agent, and the fact of this purchase has no significance whatever.

The court permitted the introduction of these declarations and acts upon the promise of counsel for plaintiff to subsequently establish the agency, in which there was a total failure. At the conclusion of plaintiff's evidence the defendant requested the court to withdraw this evidence from the jury. This the court declined to do, and the plaintiff excepted. This was clearly error prejudicial to the rights of the plaintiff in error.

Counsel for defendant in error further contend that their petition alleges an agency, and that this allegation was not denied under oath, and must therefore be taken as true. But what agency did it allege? The allegation was simply the ordinary declaration that the plaintiff by its agent committed the wrong. In order to bring an allegation of a pleading within the rule of the code adduced, there must be a specific

**3. Allegation of appointment.** allegation of the appointment of some person to do the act complained of which is the foundation of the suit. It is not sufficient to say that the defendant did the act by its agents and servants duly appointed thereto.

The second and third assignments of error are based upon instructions given to the jury. These instructions were grounded upon the wrongful admission of evidence heretofore alleged, and are likewise objectionable.

The fourth assignment is that the court erred in refusing to instruct the jury, in substance, to find for the defendant. Upon the state of the evidence, as admitted by the court, the instruction was properly refused.

The fifth assignment of error is that the court, over the objection of the plaintiff in error, instructed the jury that, if they believed from the evidence that the defendant wrongfully took the goods from the plaintiff's possession, no demand was necessary. Assuming that the evidence established the agency of this unknown person, the instruction was proper; eliminating such evidence, there was nothing upon which to base such instruction.

We do not deem it necessary to notice the other assignments of error. The questions are not liable to arise again upon another trial.

The judgment is reversed, with direction to award a new trial.