GEORGE H. JOHNSON v. J. J. DOUGLASS COMPANY.

(Filed Aug. 24, 1899.)

PARTNERSHIP—*Pleading—Waiver.* An allegation of the existence of a partnership, made in the pleadings in the case, is admitted, unless the same is denied under oath by the opposite party, his agent or attorney. But if the parties go to trial in the justice's court without raising the point, and an appeal is taken to the district court, and they proceed to trial, and, without objection, evidence is introduced by the plaintiffs tending to prove the partnership, and contrary evidence by the defendant, and the case is tried as though the partnership was in issue, the court will treat the point as waived.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before John L. McAtee, District Judge.*

*John T. Bradley,* for plaintiff in error.

*W. W. Noffsinger,* for defendant in error.

STATEMENT OF THE CASE.

This was an action commenced by J. J. Douglass company against Harding & Johnson, as partners, to recover on an account for liquors sold to them. The case was begun in the justice's court. Judgment rendered for the

plaintiff, and an appeal taken to the district court. The only pleading filed was the bill of particulars filed by the plaintiff. After the plaintiff introduced its evidence as to the existence of the partnership and the sale of the goods in question, and the defendant introduced his evidence denying the existence of the partnership, the plaintiff moved for a judgment on the pleadings because no verified denial of the allegation of partnership contained in the bill of particulars had been filed, and asked the court to direct a verdict for the plaintiff, as only a question of law was involved, which motion was sustained by the court, and the jury directed to find a verdict in favor of the plaintiff. The court instructed the jury to find and return a verdict, without leaving their seats, in favor of the J. J. Douglass company, and against the defendant Johnson; the defendant Harding not having appealed from the decision of the justice's court. The court directed the judgment for the sum of $83.37, to which sustaining of the plaintiff's motion and instructing the jury to find judgment for the plaintiff, the defendant then and there excepted, now excepts, and brings this case here for review. Reversed.

Opinion of the court by

IRWIN, J.: The only error assigned and relied upon by the plaintiff in error for a reversal of the judgment is that the court below erred in taking the matter from the jury, and sustaining the motion of the plaintiff in the court below for a judgment on the pleadings. The Statutes of Oklahoma (section 4726, Statutes 1893,) provide:

" In an action, allegations of the execution of a written instrument and the endorsements thereon, of the exist-

ence of a corporation or partnership, or any appointment or authority, or the correctness of an account duly verified by the affidavit or affirmation of the party, his agent or attorney, shall be taken as true, unless the denial of the same is verified by affidavit of the opposing party, his agent or attorney."

This statute was adopted from the Kansas Code, and by its adoption was accepted subject to any and all constructions which had been put upon it by the supreme court of that state prior to its adoption by the Territory. The supreme court of that state, in the case of *Ciesielski v. Nowacki*, reported in 18 Pac. 233, held that: "In an action commenced before a justice of the peace, in which an answer is filed setting up a partnership between the parties, and judgment is asked thereon, and where no reply or other denial under oath is filed, and the action is tried without objection, and as if said partnership was in issue, the want of said verified reply was waived."

But it is here urged that as the partnership set up in the bill of particulars, and in the Kansas case it was in the answer, the rule should be different. But we are unable to distinguish the difference. In either case the requirement was the same, to-wit, a denial under oath, and in either case it was a right which the party could waive; and we take it that this construction of the statute having been made prior to the time of the adoption by the legislature of this Territory of the statute in question, and being the recognized construction of that statute by the supreme court of Kansas at the time of its adoption, it is binding upon the court, as we think the facts in the case at bar and the case cited in the Pacific Reporter are, in principle, identical.

In this case, the bill of particulars was filed in the justice's court, containing the allegation of partnership. No verified denial was filed, and the case proceeded in the justice's court to a final judgment, and an appeal was perfected to the district court. No other or different bill of particulars was filed, and no verified denial was placed on file by the defendant, his agent or attorney. The plaintiff introduced evidence tending not only to prove the purchase and delivery of the goods in question, and to substantiate and sustain this account, but also introduced proof tending to prove the existence of the partnership between the defendants, Harding and Johnson. By introducing evidence to prove facts and circumstances from which a partnership between the defendants might be legally implied, it is clearly shown that it was not the intention of the plaintiff to rely upon the fact that defendant had not legally denied the allegation of partnership contained in the bill of particulars. If the plaintiff had not intended to waive its right to demand a verdict on the pleadings because the defendant had not filed his verified denial, it could have made the motion before introducing any evidence; but, on the contrary, the plaintiff in the court below did not take this course, but elected to introduce evidence to the jury to prove this fact, and when the plaintiff rested the defendant went on without objection to introduce evidence tending to deny the existence of the partnership alleged in the bill of particulars.

Thus the issue was squarely joined between the parties, and evidence introduced by both sides, and the case tried as though the question of partnership was in issue, thus bringing the case squarely within the lines of the Kan-

sas case; and we think, under the authority in that case, there is no doubt that this point, upon which the plaintiff might at one time have relied, was waived in the court below. This being true, the next question is, was the court below warranted in instructing the jury to find a verdict for the plaintiff?

In the case of *Keokuk Falls Imp. Co. v. Kingsland Douglas Mfg. Co.*, 5 Okla. 32, 47 Pac. 484, this court has clearly indicated in what cases the court might properly direct a verdict; that is, where only questions of law are to be determined, and in cases where suit is on promissory note, where the ownership is undenied. Now, this case is certainly not of the latter class, and the question is, is it of the former, to-wit, a case where only a pure, simple question of law is involved? Because if it is a mixed question of law and fact, the jury not having been waived, the defendant is entitled to the verdict of a jury. Were the pleadings in this case in that condition that only a legal question, pure and simple, was to be determined? If so, then the trial court was justified in directing the verdict; otherwise, not.

The question of what constitutes a partnership is largely a question of law, but the decision of this legal proposition involves the decision of questions which are purely questions of fact. Parsons, in his work on Contracts (volume 1 [8th Ed.] p. 148,) says: "A partnership exists when two or more persons combine their property, labor, and skill, or one or more of them, in the transaction of business." The same author says: " It is often said that whether persons who engage in joint transactions are partners or not depends upon their intentions, but

it must be remembered that by this is meant their intentions as legally expressed and ascertained." The question of whether or not a partnership exists is not always dependent upon the personal arrangement or understanding of the parties. Where men so act as to induce an honest belief in the public mind that they are partners, and when they deliberately hold themselves out to the world as partners, and obtain credit thereby, the law will often imply that they are partners, and hold them accountable as such. Now, in each particular case, where it is sought to establish an implied partnership it must depend largely on its own facts and surroundings to determine the question; and when this is the case the court can very properly regulate the question by instruction. He can properly instruct the jury that, if they believe or find from the evidence that certain facts and circumstances exist, then, as a matter of law, a legal partnership is established. But we do not think the court should have the right to usurp the province of a jury, and take from them the decision of a question of fact on which the case rests, especially where there is a clear and well-defined conflict of evidence. To permit courts to do this would be to abrogate the trial by jury, and to deprive litigants of their constitutional rights.

In the case of *City of Atchison v. Jansen*, 21 Kan. 574, the court says: "If it is wrong for the trial judge to throw the weight of his individual opinion into the balance to influence the decision of the jury upon a doubtful question of fact (and that it sometimes, if not always, is wrong so to do, will not be questioned,) *a fortiori*, it is much more of an injustice to so throw the opinion of this court, and especially when the opinion is so stated

as naturally to mislead them as to the scope and extent of that opinion."    *    *

In the case of *Railway Co. v. Pointer*, 14 Kan. 67, that able and excellent jurist, Judge Brewer, speaking for the court, says: "Twelve men of the average of the community, comprising men of education and men of little education, men of learning and men whose learning consists only of what they have themselves seen and heard—the merchant, the mechanic, the farmer, the laborer—these sit together, consult, apply their separate experience of the affairs of life to the facts proven, and draw a unanimous conclusion. This average judgment thus given, it is the great effort of the law to obtain. It is assumed that twelve men know more of the common affairs of life than does one man,—that they can draw safer and wiser conclusions from admitted facts thus occurring than can a single judge."

In *Maduska v. Thomas*, 6 Kan. 153, the court says: "In an action in which the parties are entitled to a trial by jury, and where the parties have not waived a jury trial, it is error for the court to render a judgment upon the issues therein, except upon the verdict of a jury."

In the case at bar the plaintiff based his right to a recovery on the fact of the partnership between the defendant Johnson and one Edward G. Harding. No liability on the part of the defendant Johnson is claimed, except upon the sole and only ground that he was liable, if at all, as such partner. Then this question of partnership was a material and necessary element of the plaintiff's case, necessary for him to prove, and the reading of the evidence will show that there was a sharp and

well-defined conflict of testimony upon this point, and, as this question may be again passed upon by a traverse jury, this court will refrain from expressing any opinion as to where the burden of proof on this point was in the trial below; but we certainly think this question should have been passed upon by the jury, aided and enlightened by the instructions of the court as to the law, and that the court, in taking this matter from the jury and arbitrarily directing the verdict, under the circumstances in this case, was in error, for which error the case will be reversed, and the cause remanded for a new trial to the court below.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.