KAUFMAN v. BOISMIER *et al.*

No. 262.   Opinion Filed November 11, 1909.

(105 Pac. 326.)

1. **PLEADING—Verification by Administrator—Information and. Belief.** Section 4313 (chapter 66, art. 8, sec. 115), Wilson's Rev. & Ann. St. 1903. provides that the verification required by section 4312, to the effect that in all actions, allegations of the ex-- ecution of written instruments, and indorsements thereon, duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of same be verified in like manner, shall not be required as to the answer of guardian defending for an infant or person of unsound mind.

(a) A verification of an answer by an administrator that he believes the facts stated to be true is sufficient (section 4315, Wilson's Rev. & Ann. St. 1903), and is not required to be made under the terms of section 4318 (chapter 66, art. 8, sec. 120), Wilson's Rev. & Ann. St. 1903.

2. **PLEADING—Inconsistent Defenses—Objection—Waiver.** Though inconsistent defenses be set-up in an answer, if the plaintiff without objection replies and joins issue thereon and proceeds to trial, and after judgment, in motion for new trial, assigns the same as error, the alleged error is waived.

3. **APPEAL AND ERROR—Review—Pleadings—Amendment—Presumptions.** When the allegations of the answer are mere conclusions, and not sufficient to raise an issue of fact, no objection. however, having been taken thereto by any pleading, and issue thereon having been joined and evidence introduced pro and con, without objection on that ground, the pleadings will be treated in this court as having been amended to conform to the proof.

4. **APPEAL AND ERROR—Pleading—Defects—Waiver—Exceptions to Instructions—Scope.** The plaintiff in error having waived its right to object on account of a misjoinder in defenses pleaded by joining issue thereon, and failing to object to the introduc-

tion of evidence on such issues on such ground, cannot avail himself of such alleged error by excepting to the instructions of the court covering such issues.

5. APPEAL AND ERROR—Review—Instructions—Prejudice—Necessity. Where it appears that an incomplete instruction neither misled the jury nor prejudiced the rights of the complaining party, it is insufficient cause for reversal.

6. APPEAL AND ERROR—Necessity of Objection and Exception—Misconduct of Counsel. The raising the question of the misconduct of counsel on account of his argument to the jury for the first time on the motion for new trial, neither objection having been made nor exceptions saved at the time, is too late.

7. APPEAL AND ERROR—Evidence—Review. Where the evidence is conflicting and reasonably tends to support the verdict, it will not be disturbed in this court.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; G. W. Clark, Judge.*

Action by W. N. Kaufman against Lawrence Boismier, as administrator, and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Thorp & Thorp,* for plaintiff in error.—In case of inconsistent allegations, those most unfavorable to the pleader will be deemed to override the others: *Board of Education v. Shaw,* 15 Kan. 35; *Bierer v. Fretz* (Kan.) 4 Pac. 284; *Wiley v. Keokuk,* 6 Kan. 59.

*Harris & Wilson,* for defendants in error.—Citing: *Wilson v. Min-ne-chas,* 40 Kan. 648; *Wheat v. Ragsdale,* 27 Ind. 191; *Pratt v. Stephens,* 94 N. Y. 387; *Election Cases,* 65 Pa. St. 26; *Warner v. Warner,* 11 Kan. 121; *Hoopes v. Buford, etc., Co.* (Kan.) 26 Pac. 34; Thompson on Trials, vol. 1, sec. 962, p. 743.

WILLIAMS, J. It is not essential for the disposition of this case to determine whether or not the affidavit was defective, for section 4313 (chapter 66, art. 8, § 115), Wilson's Rev. & Ann. St. 1903, provides that the verification required by section 4312 shall not apply to a guardian defending for an infant or person of unsound mind. In this instance the answer was filed jointly by the administrator and the guardian, denying the execution of the instrument. The answer on the part of the guardian, though un-

supported by an affidavit, properly raises the issue of *non est falcum*. The administrator, however, is a real party to the action (section 1692 [chapter 22, art. 9, § 216], Wilson's Rev. & Ann. St. 1903), and verifies the pleadings as such party· and not as agent of the intestate. *Lawrence v. Schaefer,* 19 Misc. Rep. 239, 42 N. Y. Supp. 992; *Wilson v. Min-ne-chas,* 40 Kan. 648, 20 Pac. 468. A verification of belief by an administrator is sufficient. Section 4315 (chapter 66, art 8, § 117), Wilson's Rev. & Ann. St. 1903: It would seem, however, that. when the plaintiff in error (plaintiff below) joined issue on the joint answer of the administrator and guardian by filing a reply and treated the issue of *non esl factum* as properly raised, introducing evidence tending to show the execution of the instrument, and then offering it in evidence, that that waived any defect in the affidavit or verification. *Hoopes v. Buford '& George Implement Co.,* 45 Kan. 549, 26 Pac. 34; *Warner v. Warner,* 11 Kan. 121; *Johnson v. Douglass Co.,* 8 Okla. 594, 58 Pac. 743.

2. The allegations of defendants' answer do not seem to be inconsistent. But see *Covington v. Fisher,* 22 Okla. 207, 97 Pac. 615, and *Clowers et al. v. Snowden et al.,* 21 Okla. 476, 96 Pac. 596. The pleas of *non est factum,* failure of consideration, fraud, and incapacity of the intestate to contract, are therein pleaded as a defense. However, a reply was filed by the plaintiff in error (plaintiff below) and issue joined thereon without any objection, and, if such pleas were incompatible, the error was waived.

3. That the allegations as to fraud, being legal conclusions, are not sufficient unless supported by some specific averment as to fact, is a general rule. No objection having been taken by demurrer, motion or proper and timely objection to. the introduction of evidence on such ground, but issue having been voluntarily joined thereon, the pleadings will be treated as having been amended to conform to the proof. *Triple Tie Ben, Ass'n v. Wood.* (Kan.) 98 Pac. 219.

4. It is insisted that the instructions as to the execution of the instrument were erroneous, as no issue was joined by proper affidavit raising such question; but, that contention having been

heretofore determined against the plaintiff in error, this assignment also falls with it, and this applies equally to the instruction as to the issues of fraud and incapacity to contract.

5. Did the court err in instructing the jury as follows:

"You are instructed that, if you find and believe from the evidence that any one of the witnesses has testified falsely as to any material fact, then and in that event you will be warranted in disregarding the whole of the testimony of such witness, except such as may be corroborated by other witnesses who are credible, if you should find such to be the case. The fact that one witness testified one way concerning a transaction, and another witness testified directly opposite to the same transaction, does not necessarily mean that each is entitled to the same weight in your judgment. You are the ones to pass upon that question and say which you will believe, under all the facts and circumstances as disclosed here."

Is it erroneous, in that the court failed to require the jury to find that the witness had willfully, or intentionally, or with design to conceal or mislead, testified falsely as to some material fact? The cases of *Childs v. State,* 76 Ala. 93, *People v. Strong,* 30 Cal. 151, *Ivey v. State,* 23 Ga. 576, *Skipper v. State,* 59 Ga. 65, and *Barney v. Dudley et al.,* 40 Kan. 247, 19 Pac. 550, are cited by the plaintiff in error. The Kansas case contains an *obiter* expression tending to support such contention. And the following cases holding to the contrary are cited by the defendant in error: *People v. Sprague,* 53 Cal. 494; *People v. Righetti,* 66 Cal. 184, 4 Pac. 1063, 1185. It is not necessary, however, to determine that question, for, under the evidence, there seems to have been neither any unintentional misstatement nor the correction of testimony nor refreshing the memory of any witness, and this instruction could not have misled the jury. When a witness makes a false statement, he is presumed to intentionally and willfully do so, and unless there is testimony raising the question as to whether or not the false statement had been intentionally made, or in good faith though in error, there could be no well-founded hypothesis that the instruction could be prejudicial.

6. The question as to the misconduct of the attorney for the defendants in error by statements in his argument to the jury,

neither objection nor exception being made thereto at the time, but raised for the first time in the motion for new trial, is not properly saved for review. 1 Thompson on Trials, § 962; *Coalgate Company et al. v. Bross, ante,* p. 244, 107 Pac. 425.

7. It has been held not only by this court, but also by the Supreme Court of the territory of Oklahoma, in numerous cases, that it will not disturb the verdict of a jury upon controverted questions of fact, and it is immaterial whether such questions arise from direct or circumstantial evidence. The jury had the opportunity of seeing the witnesses on the stand face to face and observing their manner, apparent fairness, and candor, or want of it. This is not available to this court in a re-examination of the evidence, and, where there is any reasonable evidence tending to support the verdict, it will not be disturbed here.

All the Justices concur.