STANDLEY *et al.* v. CRUCE *et al.*

No. 5178.  Opinion Filed April 5, 1916.

(157 Pac. 135.)

APPEAL AND ERROR—Presenting Questions in Trial Court—Necessity.  Plaintiff, in his verified petition, alleged that he entered into a contract, which was the basis of the action, with the secretary of the School Land Commissioners.  Defendants answered that the said secretary had no authority to make said contract.  This answer was not verified.  Upon the issues thus joined trial was had and the court found that the evidence failed to show that the secretary was authorized to make the said contract.  On appeal the plaintiff contends that the burden was upon the defendants to show that the secretary was not authorized to make said contract.  **Held**, that, as the plaintiff did not in the

trial court challenge the sufficiency of the answer for the reason that it was not verified in any way, he waived that point and cannot urge it here.

(Syllabus by Mathews, C.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by M. M. Standley against Lee Cruce and others, as Commissioners of the Land Office of the State of Oklahoma. An application by A. B. Deming to be made a party by reason of an assignment to him of plaintiff's claim was denied. Judgment for defendants, and both plaintiff and Deming bring error. Affirmed.

*Milton Brown,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *J. H. Miley* and *C. W. King,* Asst. Attys. Gen., for defendants in error.

Opinion by MATHEWS, C. Plaintiff M. M. Standley filed an account with the Board of School Land Commissioners in the sum of $350.94, which he claimed was a balance due him for labor, services, and money expended as the result of a contract which he alleges was entered into by him with the secretary of the School Land Commission, the said secretary having been duly authorized to make said contract. The School Land Commissioners rejected said account and the said Standley appealed therefrom to the district court of Logan county. In said court he filed a verified petition, setting out the terms of the alleged contract, and attaching thereto an itemized account showing a balance due him of $350.94. The account was for cutting certain timber upon a tract of school land leased by the said Standley. The defendants answered that they had granted the said Standley permission to cut and remove timber from a creek where it flows across the

tract of land leased by him, and that it was expressly stipulated that the said Standley was to have no compensation other than to be permitted to retain the timber so cut and removed.    They further denied that any other contract had been entered into with the said Standley, and averred that the secretary of the board had no authority to make a contract with Standley as claimed in his petition.    This answer was not verified.    The plaintiff replied by a general denial.    At the trial the court sustained a demurrer to plaintiff's evidence, and made findings, as far as is necessary to be set out here, as follows:

"Fourth.    That the school land board of the state gave to plaintiff authority to cut and remove all of the timber from said river and offered to allow him to retain all of the timber and wood as his compensation for cleaning out said stream.    But that plaintiff refused to remove said obstructions for the use of the timber alone, and notified E. O. Cassidy, the secretary of the Board of School Land Commissioners of such refusal, and thereupon the said secretary directed plaintiff to proceed and remove the obstructions in the stream, and that the board would make it right with plaintiff and allow him reasonable compensation for such expenses in so doing as might be in excess of the value of the timber and wood, which he was to retain.    That the evidence fails to show that the action of the secretary, Cassidy, in making the promise and agreement as set forth in finding 4, was authorized by the Board of School Land Commissioners, or that it was thereafter ratified by said board.    Wherefore the court concludes, as a matter of law, that the action of the secretary of the board in agreeing to pay the plaintiff the excess of his expenses over and above the value of the timber is not binding upon the school land board and is not enforceable at law against the board, and that therefore defendants' demurrer to the plaintiff's evidence must be, and the same is hereby, sustained."

Plaintiff's first contention here is that, as his petition was verified and the answer of defendants unverified, the burden was not upon plaintiff to show that Secretary Cassidy was authorized to enter into a contract with Standley to allow him, for cutting and removing the timber, whatever expense he might incur over the value of the timber; that the failure of the defendants to verify their answer established said authority. The plaintiff elected to join issue with the defendants on their answer by filing a denial thereto and did not challenge the sufficiency of the same in any way by motion for judgment upon the pleadings or demurrer thereto, but tacitly admitted the sufficiency of the answer by treating the same as verified, and, as far as the record shows, the question was never raised in the trial court that the answer was not verified, but the trial was proceeded with as if the answer was sufficient and verified, and the plaintiff now seeks to raise this question for the first time here on appeal. It would be manifestly unfair and not conducive to justice to permit a party to proceed to the trial of a case in the lower court and accept all the pleadings as sufficient to put each party on proof of his cause of action or defense, and after judgment has been rendered then to allow the loser, for the first time, to here raise a question as to the sufficiency of the pleadings which ought to have been raised and settled in the trial court. A litigant will not be permitted to speculate on the results of a trial, and, when he has lost on the facts, for the first time on appeal challenge the pleadings upon a point that should have been brought to the attention of the trial court in the proper way and the other side accorded the privilege of amending his pleadings there, if the same should be found defective. In the case at bar, the defendants alleged in direct terms that

Secretary Cassidy had no authority to enter into the contract which plaintiff set out in his petition as being the contract under which he had acted.  In the reply plaintiff denied that Cassidy did not have such authority.  Having waived the point he seeks now to object for the first time that the answer was not verified.  We hold that it comes too late and cannot avail him here.  *Geo. H. Johnson v. J. J. Douglass Co.*, 8 Okla. 594, 58 Pac. 743; *Kaufman v. Boismier et al.*, 25 Okla. 252, 105 Pac. 326; *Jones v. Citizens' State Bank*, 39 Okla. 393, 135 Pac. 373; *Doughty v. Funk*, 24 Okla. 312, 103 Pac. 634; *Glasco v. School District*, 24 Okla. 236, 103 Pac. 687; *Bishop v. McHenry*, 4 Kan. App. 525, 44 Pac. 1016; *Hoopes v. Buford*, 45 Kan. 549, 26 Pac. 34.

This appeal is by transcript.  The evidence not being before us, the finding of the trial court that the secretary of the Board of School Land Commissioners had no authority to make the contract upon which plaintiff bases his action is conclusive upon us here.

We recommend that the judgment be affirmed.

By the Court:  It is so ordered.