### SPAULDING et al. v. THOMPSON.

No. 7629—Opinion Filed July 25, 1916.

(158 Pac. 509.)

**1. Pleading—Verification—Waiver — Joining Issues.**

In order for a litigant to avail himself of section 4759, Rev. Laws 1910, which prescribes that the allegation of indorsement upon a written instrument shall be taken as true, unless met by a verified denial, he must accept the allegation as true himself; but if he raises an issue thereon by introducing evidence to establish the truthfulness of said indorsement, it is too late then to complain if the defendant accepts the issue and attacks the indorsement and plaintiff's evidence substantiating the same with adverse evidence.

**2. Executors and Administrators — Action Against Administrators—Instructions.**

An instruction that when a party presents an administrator with a claim in proper form it is necessary for the party to request the administrator to either allow or reject the same, is erroneous.

(Syllabus by Mathews, C.)

Error from County Court, Bryan County; J. L. Rappolee, Judge.

Action by H. W. Spaulding, F. E. Spaulding, and E. H. Spaulding, partners doing business under the firm name and style of Spaulding Manufacturing Company, against Green Thompson, administrator of the estate of Arthur F. Eastwood, deceased. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Chas. P. Abbott, for plaintiffs in error.

Utterback & McDonald, for defendant in error.

Opinion by MATHEWS, C. This was an action against an administrator to recover upon two promissory notes. The case was tried to a jury, verdict for the defendant, and plaintiffs appeal. It appears from the evidence that one A. F Eastwood, during his lifetime, executed two notes to the plaintiffs for the purchase of certain buggies, and, having died, Green Thompson was appointed as his administrator. The only defense interposed to the action was that the claim of plaintiffs had not been presented to the administrator within four months from the date of the first publication of notice to creditors as provided by statute. The evidence in the case relative to the exact time the proof of plaintiffs' claim was presented to the said administrator is peculiarly conflicting. It appears this confusion in the evidence arose from the fact that the administrator was also in the banking business, and that it was the custom of plaintiffs to leave notes which it held against parties in that vicinity in this bank for collection, and it seems that the two notes in controversy had been placed in this bank for collection, and it was the contention of the administrator that the notes were not presented to him for payment as administrator until after the expiration of four months from date of the first publication notice, and that if the notes were placed in the bank this was done for the purpose of trying to effect collection from another source, while plaintiffs contend that the claim in proper form, with notes attached, was presented to the administrator for payment within the four months' period.

Plaintiffs' amended petition contains two counts. In the first, it is alleged that a claim upon the first note was duly presented to the administrator, the same being verified as required by law, on the 25th day of November, 1914, and that on this date the said administrator rejected the said claim and wrote on the back the following:

"Presented and rejected, November 25, 1914. Green Thompson, Administrator of the Estate of A. F. Eastwood"

—a copy of said claim, with the above indorsement, being attached to the petition. The second cause of action was based upon the second note and contained the foregoing allegation, with the exception it was alleged that the claim upon the second note was presented on the 5th day of January, 1915, and the indorsement of rejection bore that date.

Defendant's answer was not verified, and for that reason plaintiffs contend that under section 4759, Rev. Laws 1910, the allegation in plaintiffs' petition that the claims presented to the administrator bore the indorsement that they were presented and rejected on certain dates there set out should be taken as true, and that the court committed error in permitting defendant to introduce certain evidence over their objection tending to prove that the claims were not presented to the administrator for payment until January 28, 1915. The record shows that when this case was called for trial the plaintiffs first introduced evidence tending to prove, among other things, that proof of claims had been made

out and presented to the administrator and by him rejected within four months from the date of the first publication notice to creditors, which publication was had on the 18th day of September, 1914, and not until the cross-examination on this point of the witness who gave this evidence did the plaintiffs make the objection to the introduction of evidence which tended to prove that the dates on the indorsement of the proof of claims were not correct.

In the case of Kaufman v. Boismier et al., 25 Okla. 252, 105 Pac. 326, it is said:

"It would seem, however, that when the plaintiff in error (plaintiff below) joined issue on the joint answer of the administrator and guardian by filing a reply and treated the issue of non est factum as properly raised, introducing evidence tending to show the execution of the instrument, and then offering it in evidence, that that waived any defect in the affidavit or verification. Hoopes v. Buford & George Implement Co., 45 Kan. 549, 26 Pac. 34; Warner v. Warner, 11 Kan. 121; Johnson v. Douglass Co., 8 Okla. 594, 58 Pac. 743."

The import of the above-quoted opinion is that if the plaintiffs intend to rely upon the statute that the allegation of indorsement upon written instruments shall be taken as true, unless met by a verified denial, then they must accept it as true without proof; but, if they introduce evidence tending to establish the truthfulness of the indorsement, it is too late then to complain if the defendant accepts the issue and attacks the indorsement with adverse evidence. The proper procedure would be to take advantage of the situation in such cases by motion to strike. Doughty v. Funk, 24 Okla. 312, 103 Pac. 634; Jones v. Citizens' State Bank, 39 Okla. 393, 135 Pac. 373. But we see no reason why a motion for judgment upon the pleadings should not be sustained in cases where it is not necessary to introduce any evidence in order to make out a case.

The only other assignment of error which we deem it necessary to notice is the giving of the following instruction:

"You are further instructed that it will be necessary for the plaintiffs herein before they could have a claim legally filed with the administrator for allowance or rejection that they have the same properly proven under the statutes and placed in the hands of the administrator with the request that he either allow or reject same, if the plaintiffs herein placed the said claims or either of them within the hands of the administrator without the request that the same be either allowed or rejected then it will be immaterial the length of time that he might leave them and it will be your duty to find for the defendant."

We are of the opinion that the giving of this instruction was reversible error. Section 6342, Rev. Laws 1910, provides that when a claim in proper form is presented to the administrator, he must indorse thereon his allowance or rejection with the date thereof.

There is no statutory requirement that makes it necessary for the claimant to do anything except as above stated. When a claim is presented the statute tells the administrator what he must do, and it is not essential that he receive any instructions from the claimant. This instruction is especially prejudicial here, owing to the fact that the witness who testified to presenting the claims to the administrator further testified that he did not make any request of the administrator that he either allow or reject the same. The effect of this instruction under this testimony is to practically instruct the jury to find for the defendant.

Counsel for plaintiffs, in his brief, has seen fit to severely arraign the trial court, defendant's attorneys, and the administrator. The record does not disclose the slightest foundation for the same or any improper conduct whatever. The brief should have been stricken from the files. Such practice is to be censured and condemned.

We recommend that the judgment be reversed and remanded for a new trial.

By the Court: It is so ordered.