## ST. JOHN et al. v. IVERS.

No. 17037—Opinion Filed April 19, 1927.

(Syllabus.)

**1. Pleading—Averments of Agency—General Denial—Effect—Verification.**

In a negligence action, general allegations of agency in a petition based on permissive use of an automobile by a daughter of the owner are admitted by an unverified general denial, but such admission goes only to the character of agency alleged, and where the answer, in addition to the general denial, contains specific averments that on the particular occasion involved the daughter was not only acting without the scope of her general authority, but in disregard of specific instructions, such allegations of defensive matter do not have to be verified.

**2. Same—Waiver of Verification.**

In such case, where plaintiff proceeds as if the general denial had been verified, introducing testimony for the purpose of establishing the general permissive use of the automobile by the daughter, the lack of verification of the general denial is waived.

**3. Automobiles—Liability for Daughter's Negligent Driving—Pleading and Proof—Presumption of Daughter's Agency Rebutted.**

In an automobile accident case, where defendant admits ownership of the car, and plaintiff's allegations as to agency of defendant's daughter, who was driving at the time of the accident, merely show general authority based on permissive use, this admission and these allegations raise a presumption or inference that the daughter was acting within the scope of her general authority at the time of the accident, but where defendant's averments and proof establish that at the time of the accident the daughter was driving the car without the knowledge or consent of the owner, for her own pleasure, and in violation of express instructions, and where this evidence is uncontradicted by rebuttal evidence and the witnesses are in no wise impeached, the presumption previously existing is destroyed, the lack of authority on the particular occasion is established, and no question of fact as to agency at the time of the accident remains.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Osage County; C. H. Baskin, Assigned Judge.

Action by Florence Ivers against Pierce St. John and Anna St. John to recover damages for personal injuries alleged to have been suffered through negligence of defendants. Judgment for plaintiff, and defendants bring error. Affirmed in part and reversed in part.

This action was commenced in the district court of Osage county October 14, 1924, by plaintiff filing therein her petition against Pierce St. John, Dora Rector, and Anna St. John, in which she sought recovery of $10,-000 in damages for personal injuries suffered by her in an automobile collision alleged to have been caused by the negligence of the defendants. At the conclusion of plaintiff's evidence she dismissed her action as to Dora Rector. On a motion by defendants to make her petition more definite and certain the court ordered the petition to be amended. The amended petition, upon which the cause of action was tried, alleged, in substance, that on or about September 22, 1924, plaintiff was a passenger in an automobile owned and driven by one Lee Carrier on the public highway between the cities of Pawhuska and Wynona; that on said journey the automobile in which plaintiff was riding was run into and against by an automobile owned and operated by the defendants, resulting in serious injury to plaintiff; that the automobile inflicting the injuries on plaintiff was

being driven by the defendant Anna St. John, but that the same was owned by Pierce St. John and Dora Rector, and that the said Anna St. John was driving said automobile as the agent, servant, and employee of her codefendants and was acting within the general scope of her employment and authority at the time of said accident; that the said Anna St. John was at that time hauling one Ella May Vann, a cook employed by her codefendants, and on other business for her codefendants which is unknown to plaintiff; that said Anna St. John at the time of said accident was in an intoxicated condition and was driving at an excessive rate of speed on the wrong side of the highway, and that plaintiff's injuries resulted proximately from the negligence of the defendants.

A demurrer to this amended petition was interposed by the defendant Pierce St. John, which was by the court overruled and exceptions reserved. Thereupon the defendants answered said amended petition by a general denial, and denied specifically that the defendant Anna St. John was acting as the agent, servant, and employee of Pierce St. John and Dora Rector at the time of said alleged accident, but pleaded affirmatively that in the operation of said car at the time of the accident Anna St. John was wrongfully in possession thereof without the consent and against the specific orders of Pierce St. John to the contrary. It was further alleged in said answer that if Anna St. John at the time of said accident had as a passenger in said car one Ella May Vann, the said Ella May Vann was riding therein of her own free will and without the consent of the said Pierce St. John and in utter disregard of his orders and of her duty to him.

No reply was filed by the plaintiff, and upon the issues joined by the amended petition and the answer of the defendants the cause was tried to the court and jury April 10, 1925. At the conclusion of plaintiff's evidence Pierce St. John interposed a demurrer thereto, which was by the court overruled and exceptions reserved. After both parties had concluded their evidence and rested their case, the defendant Pierce St. John filed his motion for a directed verdict, which was by the court overruled and exceptions reserved. Thereupon the cause was submitted to the jury, which returned its verdict in favor of the plaintiff and against the defendants, Pierce St. John and Anna St. John, in the sum of $10,000. Motion for new trial was duly filed, and upon the hearing of said motion the court required a remittitur in the sum of $4,000 as a condition to the overruling of said motion. This remittitur was filed by the

plaintiff, and the court thereupon entered its order overruling the motion for new trial and rendered judgment in favor of the plaintiff and against both of the defendants in the sum of $6,000, to reverse which judgment this proceeding in error has been brought to this court by petition in error with case-made attached.

Sands & Campbell, Miller & Jacobson, J. M. Humphreys, and A. B. Campbell, for plaintiffs in error.

H. N. Gambill and Robinett & Ford, for defendant in error.

Opinion by LOGSDON, C. Separate petitions in error have been filed in this court by Pierce St. John and Anna St. John, but Pierce St. John alone has briefed the case. Of the numerous assignments of error presented and argued in his behalf the sixth and ninth are determinative of this proceeding. The sixth assignment reads:

"6th. That said court erred in overruling the demurrer of this plaintiff in error to the evidence of the defendant in error."

The order of the court overruling defendant's demurrer to the evidence of plaintiff reads:

"The Court: Due to the fact that the answer of Pierce St. John is unverified, the demurrer to the evidence is overruled and denied."

This ruling was based upon the language of Comp. Stat. 1921, sec. 287, which reads:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or of the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

The material allegation of plaintiff's amended petition, which the trial court thus held must be denied in the answer under oath, is as follows:

"Plaintiff further states that on said date, and for a long period of time prior thereto, the defendants herein, Pierce St. John and Dora Rector, owned an automobile, and that at the time of the occurrence hereinbefore mentioned, the said automobile was being operated by the defendant Anna St. John and that in driving said automobile she was acting as an agent, servant, and employee of her codefendants and engaged in the prosecution of business and on behalf of her said codefendants, and was acting within the general scope of her employment and authority in operating said car; the defendant Anna

St. John was, at the time said automobile collided, hauling Ella May Vann, a cook employed by her codefendants, for and acting on behalf of her codefendants and on other business for her codefendants which is unknown to the plaintiff, but known to the defendants."

Anna St. John is a daughter of Pierce St. John, and it is clearly evident from a mere reading of the language of this averment that it was not intended to charge an "appointment of authority" to drive the car on the special occasion here involved and for a particular purpose, but was intended to and did charge a general relation of principal and agent or master and servant subsisting between father and daughter by reason of her permissive use of the car.

Upon the calling of the case for trial the defendant Pierce St. John admitted of record that he was the owner of the car driven by Anna St. John at the time of the collision, and asked leave of the court to then verify his answer denying the above allegation of agency and of the relation of master and servant at the time of the collision. The motion for leave to verify was denied, and, as above shown, the order overruling the demurrer to plaintiff's evidence was expressly based upon this lack of verification of the answer.

It is stated in the brief of the defendant, and not disputed in plaintiff's answer brief, that the case of Boling v. Asbridge, 84 Okla. 280, 203 Pac. 894, was relied upon in the trial court to sustain this action on the motion and on the demurrer. If this be the fact, the Asbridge Case was not carefully considered by the trial court. That was not a case where a father and child were involved and where the agency of the child was sought to be established by permissive use of the car, but the parties there assumed the relation of employer and employee through contract. It is true that the trial court denied the motion for leave to verify the answer, but the case was tried as if the verification had been made, plaintiff assuming the burden of proof on the issue of agency. At the close of all the evidence the trial court rescinded its previous order and permitted defendant to verify the answer. In this situation this court, speaking through Justice Kane, said:

"While this action upon defendant's motion was somewhat dilatory, we are unable to perceive how she suffered any harm from the delay in ruling. The purpose of the defendant asking leave to amend by verifying her answer was to cast the burden upon the plaintiff of showing that Holder had authority to drive the car. While the court was

rather deliberate in ruling upon these questions, he finally did so in favor of the defendant. As in the meantime the cause proceeded in all respects as though the answer had been verified from the start, it is from this standpoint we will view the record in examining the remaining assignments of error."

This court expressed no opinion as to the trial court's first action on the motion, but there is a strong inference of disapproval. The Asbridge Case is, therefore, not authority for the action of the trial court on the motion for leave to verify the answer, nor for its order overruling the demurrer to plaintiff's evidence, upon the theory stated.

Defendant Pierce St. John's unverified general denial admitted only such reciprocal relations between himself and Anna St. John as were alleged in plaintiff's petition. Clearly these amounted to no more than general authority to Anna St. John to drive the car, she being a member of the family, and this alleged agency was based on permissive use only. There is no allegation that in taking the cook in the car on this occasion the daughter was acting under authority from the father for that specific purpose, or that the cook in so going was upon any errand for her master. The next allegation of the petition, on its face, negatives any idea that it was intended to charge express authority from the father to the daughter to drive the car on this occasion. That allegation is:

"Plaintiff further states that at the time of the occurrence the said Anna St. John was in an intoxicated condition. * * *"

Defendant's unverified general denial having admitted only the general authority, based on permissive use, to drive the car, the specific allegations in his answer denying the particular agency and setting up affirmative defenses did not have to be verified. These affirmative defenses are: (a) That Anna St. John was expressly forbidden to take this car on this occasion, but that she procured the key in disregard of instructions; (b) that Ella May Vann, the cook, was not in said car in the performance of any errand for Pierce St. John, nor in the discharge of any duty owing to her master, but was there without his knowledge or consent and in disregard of her duties as his servant. No reply was filed to this answer. The trial court therefore erred as a matter of law in holding that an unverified general denial of the allegations of general authority to the daughter, through permissive use, to drive the car was an admission of appointment of authority to drive the car on the particular occasion and for the par-

ticular purpose alleged in plaintiff's petition.

In the case of Stafford v. Noble (Kan.) 182 Pac. 650, the allegations of the pleadings were very similar to those in the instant case. The court there said:

"Such general authority was not denied and is not disputed, but it was denied and is disputed that she was thus using the car at the time of the injury, and that she was using it for the purpose of returning to the office and taking her father home. The alleged power or authority was not denied, but the allegation that she was at the time acting under this power and authority was not a matter which had to be denied under oath or taken as true."

To the same effect are: McCabe v. Wilson, 17 Okla. 355, 87 Pac. 320; Oklahoma Automobile Co. v. Benner, 70 Okla. 261, 174 Pac. 567; Swofford Bros. Dry Goods Co. v. Berkowitz (Kan.) 51 Pac. 796; Leavenworth Light & Heating Co. v. Waller (Kan.) 70 Pac. 365; 16 Enc. Pl. & Prac. 910.

But there is another reason why this action of the trial court was erroneous as a matter of law. In his opening statement to the jury, outlining the facts which he expected the proof to establish, counsel for plaintiff read the amended petition containing the allegations heretofore quoted as to the general and permissive use of the car by Anna St. John, and to establish the facts therein alleged introduced testimony as follows:

Lawrence Ware testified:

"Q Do you know what relationship there is between Anna St. John and Pierce St. John? A. Sir? Q. Do you know the relationship between Anna St. John and Pierce St. John? A. Yes, sir. Q. What is it? A. She is his daughter. Q. Do you know Dora Rector? A. Yes, sir. Q. What relationship is there? I don't mean blood relationship, but what does Dora Rector do for Pierce St. John, if anything? (No response) Q. Do you know Ella May Vann? A. Yes, sir. Q. Did you see another girl in the car besides Anna St. John? A. Yes, sir Q. Who was it? A. I guess it is Ella Vann; I learned it afterwards. Q. You know she works for Pierce St. John, don't you? A. No. sir."

Byron Black testified:

"Q. Who was occupying the touring car? A. The St. John girl. Q. Who else? A. And that girl—St. John's cook, I couldn't—I don't know what her name. Q. Ella May Vann? A. Yes. sir. Q. She cooks for Pierce St. John, you say?"

At another place during direct examination this witness testified:

'Q. You say you had known Anna St. John

prior to this time? A. Yes, sir. Q. Had you seen her driving this car before? A. No, sir; not the Ford. Q. Had you seen her driving any of Mr. St. John's cars before? A. Yes, sir. Q. Frequently? A. Yes, sir. Q. How many times a day or week would you say that you had seen her driving the others of Mr. John's cars? A. Well, probably every day. Q. Every day? For how long a period, how many months or years? A. Well, about two months or years. Q. Did you ever see her driving when Pierce was in the car? A. Yes, sir. Q. You had seen her driving prior to this and with other members of the family? A. With —yes, sir."

Claude Moore testified:

"Q. Had you seen this girl, Anna St. John, along at that time, along before in September last year? A. I seen her off and on for a year or two. Q. You have seen her for a year or two? A. Yes, sir. Q. Did you see her there at the pop stand occasionally before September 22, 1924? A. Yes, sir. Q. How would she come there? A. In a car. Q. Driving a car? A. Yes, sir. Q. Pierce St. John's car? A. I don't know. Q. Well, it belonged to some of the St. John people? A. I supposed so. Q. Did you see her and the other members of the family or some members of the family come in the car occasionally? A. Yes, sir. Q. Driving forwards and backwards to town? A. Yes, sir. Q. Sometimes Pierce St. John and sometimes other members of the family, Mr. Moore. is that right? A. In the car? Q. Yes, sir. A. Yes, sir. Q. And Anna would be driving? A. Well, I could not say to who would be driving."

After testifying to the position of the two cars after the collision, he was asked and gave testimony as to the occupants of defendant's car as follows:

"Q. And who was in it? A. Well, there was the St. John girl and some other girl. Q. Have you since learned that that was Ella May Vann, Pierce's cook? A. I heard it was, yes, sir."

There could have been no object or purpose in the introduction of this character of testimony other than to establish the fact of general authority in Anna St. John to drive the car, such authority being shown by permissive use. It was intended thus to establish the relation of principal and agent or of master and servant between Pierce St. John and his daughter, Anna. as outlined to the jury in the opening statement. This was clearly a waiver of defendant's failure to verify his general denial. Johnson v. Douglas, 8 Okla. 594, 58 Pac. 743; Kaufman v. Boismier, 25 Okla. 252, 105 Pac. 326; Jones v. Citizens State Bank, 39 Okla. 393, 135 Pac. 373; Standley et al. v. Cruse et al., 57 Okla. 127, 157 Pac. 135; Burford v. Hughes,

75 Okla. 150, 182 Pac. 669; Hutchinson Gin Co. v. Latimer County Nat. Bank, 106 Okla 159, 233 Pac. 438.

By his ninth assignment, defendant Pierce St. John predicated error upon the refusal of the trial court at the close of all the evidence to give to the jury defendant's requested instruction for a directed verdict as to him.

All of the testimony for plaintiff showing, or tending to show, authority of Anna St. John to drive the car on this particular occasion has been copied above. Under the rule of liability in this character of actions recognized and adopted by this court proof of general permissive use of a family car by a child of the owner raises only an inference or presumption that its use by the child on any particular occasion was authorized. This inference or presumption stands only so long as there is an absence of proof on that question. When facts are established by proof which repel and contradict the inference or presumption previously indulged, such inference or presumption ceases to exist as a probative element in the case. Stumpff v. Montgomery, 101 Okla. 257, 226 Pac. 65; Kramer v. Nichols-Chandler Home Building & Brokerage Co. et al., 103 Okla. 208, 229 Pac. 767; McCullough v. Harshman, 99 Okla. 262, 226 Pac. 555.

The admission of record by Pierce St. John that he owned the car, and plaintiff's evidence of permissive use thereof by Anna St. John, were sufficient to support the inference or presumption that at the time of the collision she was driving same as agent or servant of her father and with his express or implied consent. Had the trial court's order overruling defendant's demurrer to plaintiff's evidence been based upon the admission of ownership, the evidence of permissive use, and this inference or presumption arising therefrom, the ruling would have been correct, because, as said in the Stumpff Case, supra, these evidentiary facts and this presumption produced "certain procedural consequences as to the production of other evidence by the opponent."

In behalf of defendant his testimony established that a Ford car which he purchased for his daughter, Dora Rector, was stolen and that when he purchased the Ford here involved he instructed his daughter, Anna, not to drive it. He had one or more larger cars and a chauffeur whom he employed to drive for him. In the forenoon of the day of the accident Pierce St. John had been on a trip to his farm and stopped at his home just outside of Pawhuska about noon to eat dinner, intending to go on into Pawhuska after dinner. Anna had never driven this particular Ford with his knowledge and consent, but he had expressly forbidden her so to do. While he and his son were at the table eating their dinner his daughter, Anna, and his cook, Ella May Vann, left the house by the back door, and when he next saw them they were in the Ford car driving down the road and about 50 yards from the house. Neither of them asked his permission to use the car, and neither was upon any errand in his behalf. His other car had been loaned to a neighbor and was not on his premises at this time. The testimony of Anna and of Ella May Vann showed they took the car surreptitiously while the owner was eating, and for the purpose of "just riding around."

This evidence completely destroyed the inference or presumption which arose from the admission of ownership and from plaintiff's proof. No rebuttal evidence was offered by plaintiff. Such was the situation at the time defendant Pierce St. John made his request for a directed verdict. The presumption being destroyed, and being wholly removed from the case, there was absolutely nothing upon which the jury could justifiably base a finding that at the time of the accident Anna St. John was acting as the agent or servant of her father either expressly or impliedly, but the uncontradicted evidence showed conclusively that she was not. It was the duty of the trial court to instruct the jury as requested, because any other verdict would necessarily rest upon an inference or presumption which no longer existed in the case, would be contrary to the clear weight of undisputed evidence, and therefore contrary to law. Spaulding Mfg. Co. v. Holliday, 32 Okla. 823, 124 Pac. 35; Conwell v. Eldridge, 35 Okla. 537, 130 Pac. 912; Cedar Rapids Nat. Bank v. Bashara, 39 Okla. 482, 135 Pac. 1051; Kansas City Southern Ry. Co. v. Langley, 62 Okla. 49, 160 Pac. 451.

Since there was evidence reasonably tending to establish negligence on the part of Anna St. John in the operation of the car at the time of the accident, and since no errors of law affecting her rights have been called to the attention of this court, the judgment against her based upon the verdict cannot be disturbed.

For the reasons herein stated, the judgment of the trial court in favor of the plaintiff and against the defendant Pierce St. John is vacated and set aside, and the cause is remanded, with directions to the trial court to render judgment in his favor. In all other respects the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1,2) 2 C. J. p. 913, §626. (3) 2 C. J. p. 964, §733.