THE STATE OF KANSAS, *on the relation of S. B. Bradford,*
*Attorney General,* v. THE BOARD OF COMMISSIONERS OF
HARPER COUNTY *et al.*

TEMPORARY INJUNCTION — *Application Denied* — *Evidence* — *No Review,*
*When.* Where the ruling of a district judge upon an application for
a temporary injunction is brought to the supreme court on a case-
made, the question of whether the testimony was sufficient to sustain
the application cannot be reviewed unless there is in the case-made
itself a statement or showing that it contains all the testimony of-
fered on the application.

### Error from Harper District Court.

APPLICATION for a temporary injunction, denied on Octo-
ber 24, 1887. This order *The State* brings here for review.
The opinion states the material facts.

*L. B. Kellogg,* attorney general, *Leland J. Webb,* and *W.*
*C. Webb,* for plaintiff in error.

*Shepard, Grove & Shepard,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by the state,
on the relation of the attorney general, against the county
commissioners, the county clerk and county treasurer of Har-
per county, alleging that the county commissioners were pro-
ceeding, in violation of law, to construct and build a permanent
county building without submitting the question to a vote of
the electors and receiving their sanction, and had awarded
contracts involving an expenditure largely exceeding $1,000
without advertising for bids or having any plans or specifica-
tions prepared of the proposed improvement, and without any
public letting, as the law requires. It was further alleged
that a portion of the work had been completed and county
warrants issued therefor, which the county treasurer would
pay unless restrained by the court. The prayer of the peti-
tion was that the board of county commissioners be enjoined

from proceeding further with the construction until authority was given by a vote of the electors, as the law prescribes; that the county clerk be restrained from issuing any county warrants in that behalf, and the county treasurer restrained from paying any such warrants which might have been or should thereafter be issued.

Upon presentation of the verified petition, on October 17, 1887, the district judge granted a restraining order, and fixed the hearing for a temporary injunction on the 19th, at which time the parties appeared and the hearing was begun and continued until the 21st, when the case was taken under advisement. The district judge announced his decision on the 24th of October, 1887, denying the application for a temporary injunction. The case was at once removed to this court, and it is now contended that under the evidence the district judge should have granted the temporary injunction. There was considerable testimony offered at the hearing, the greater part of which was oral, and the defendants now insist that the testimony cannot be reviewed, as the record does not contain or purport to contain all that was introduced. This objection precludes an examination of the real point in controversy between the parties. The question of whether the improvement or addition to the court-house, which was being constructed, was of such a character as to be regarded as a permanent county building which could not be constructed without an approving vote of the electors of the county, as was decided in *The State, ex rel., v. Comm'rs of Marion Co.*, 21 Kas. 419, or whether it was to be regarded as a mere repair or improvement of an already existing court-house, constructed in good faith, as decided in *The State v. Harrison*, 24 Kas. 268, depends upon the testimony; and neither these nor any of the questions submitted to the district court can be determined here unless the whole testimony is before us. There is no statement or showing in the case-made brought to this court that it contains all of the evidence submitted to the judge. There is a statement to that effect in the certificate attached to the case-made; but, as has been repeatedly held, this is

insufficient, and hence the question of whether the decision is sustained by the evidence is not before us.  (*Brown v. Johnson*, 14 Kas. 377; *Moody v. Arthur*, 16 id. 419; *Greenwood v. Bean*, 20 id. 240; *Winstead v. Standeford*, 21 id. 270; *Muscott v. Hanna*, 26 id. 770; *Eddy v. Weaver*, 37 id. 540; *Rld. Co. v. Grimes*, 38 id. 241; *Western Home Ins. Co. v. Hogue*, 41 id. 524; same case, 21 Pac. Rep. 641; *Hill v. National Bank*, 42 Kas. 364; same case, 22 Pac. Rep. 324.)

In the absence of a statement in the case-made or of an equivalent showing therein that the testimony is all preserved, we cannot at this stage of the litigation and in this proceeding say that the action of the officers was illegal, or that the evidence was insufficient to sustain the ruling of the district judge.    Judgment affirmed.

All the Justices concurring.