W. W. JOHNSTON, SR., *et al.*, V. L. A. JOHNSON.

1. ANSWER, *Not Verified — Evidence Introduced — No Error.* Where a petition, in an action on an account, is verified, and the defendant does not seek to deny the correctness of the account stated, but alleges in his answer that the account was not due when the suit was brought, it is not error for the court to permit the defendant to introduce evidence to show that the suit was prematurely brought, though the answer was not properly verified, or was not verified at all.

2. ORDER OF ARREST — *Affidavit as Evidence.* In an action in which an order of arrest has been obtained, it is not error for the court to refuse to allow the plaintiff to introduce, as evidence to support his case, his own affidavit, made to procure the order of arrest.

*Error from Harper District Court.*

THE opinion states the facts. Judgment for defendant *Johnson*, at the January term, 1888. The plaintiffs, *Johnston* and another, bring the case here.

*Love & Snelling*, for plaintiffs in error.

*Shepard, Grove & Shepard*, and *George B. Crooker*, for defendant in error.

Opinion by STRANG, C.: This action was begun by the plaintiffs June 16, 1886, in Harper county district court, for the recovery of $211.47 on an account. The case was tried by a jury, resulting in a verdict and judgment for the defendant. Plaintiffs presented a motion for new trial, which was

overruled and excepted to, judgment entered, and time to make a case for this court given. The plaintiffs come here with their "case-made" and ask to be heard on two separate assignments of error.

The defendant, however, objects to the consideration of the evidence by this court, for the reason that the "case-made" does not contain, or purport to contain, all of it. This objection seems to be well taken. This court has held that the "case-made" must affirmatively show that it contains all the evidence, when it is necessary that the evidence should be preserved to enable this court to consider the error assigned. (*The State, ex rel., v. Comm'rs of Harper Co.*, 43 Kas. 195, 23 Pac. Rep. 101; *Eddy v. Weaver*, 37 Kas. 548; *Insurance Co. v. Hogue*, 41 id. 524; *Hill v. National Bank*, 42 id. 364; *Barker v. Barker*, 43 id. 91; *Deatherage v. Burkdall*, 38 id. 732.)

This "case-made" fails to show that all the evidence is preserved and incorporated therein. But an examination of the record for the purpose of ascertaining whether or not it contains all the evidence introduced upon the trial of the cause, satisfies us also that the trial court committed no error so far as the two principal assignments of error (those upon which the plaintiffs seem to rely) are concerned, and therefore we will briefly notice them. The first assignment of error that is pressed, grows out of an objection by the plaintiffs to the introduction of any evidence by the defendant, under the pleadings. The action was on an account, and the petition had attached thereto an itemized statement of the account, and was verified. The defendant first filed a general denial, but with leave of court subsequently filed an amended answer, in which, in addition to the general denial, he alleged the goods were purchased on sixty days' time, and that the account sued on was not due when the action was commenced. These answers were verified by the attorney of the defendant. The plaintiffs objected to the evidence being introduced by defendant, upon the ground that there was no issue formed — arguing that the answers were not properly verified, and that therefore, as

the petition was verified, the allegations in the petition were to be taken as true under the statute, and the defendant should not be permitted to disprove them.    Much the larger portion of the plaintiffs' brief relates to this question.    We think the plaintiffs misapprehend the scope and meaning of the statute, (¶ 4191, Gen. Stat. of 1889,) which reads as follows:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

An examination of the record shows that the defendant did not deny or attempt to deny the correctness of the account sued on, but he claimed the account was not due when the suit was brought.    He alleged that in his answer, and thus raised the issue as to whether the action was prematurely brought, or not.    The paragraph quoted will show that to raise such a question, an answer need not be verified at all. The correctness of the account was not the issue.    The petition alleged the account sued on was due.    The answer averred it was not due, and the issue thus formed could as well be raised without as with a verified answer.    For instance, if the action had been on a promissory note instead of on an account, the defendant would not have been permitted to deny the execution of the note on the trial, unless his denial of its execution in his answer was under oath; but if the defendant sought to plead a want of consideration, or fraud in obtaining the note, he could do so without verifying his answer.

"Only certain allegations are admitted by failure to answer under oath." (*Pattie v. Wilson*, 25 Kas. 329; *Washington v. Hobart*, 17 id. 277.)

It follows, therefore, that the court committed no error in overruling the objection of the plaintiffs to the reception of the defendant's evidence upon the question as to whether or not the account sued on was due when the suit was commenced, though the answer was not verified.

The second important error complained of was, the refusal to admit in evidence, as a part of the plaintiff's case, the affidavit of one of the plaintiffs, made for the purpose of obtaining an order of arrest in the case. We do not think such refusal error.

The affidavit in question was no more evidence in the trial of the case than any other *ex parte* affidavit of the plaintiff made in reference to the subject-matter of the case.

It is therefore recommended that this case be affirmed.

By the Court: It is so ordered.

All the Justices concurring.