E. G. HOOPES v. THE BUFORD & GEORGE IMPLEMENT
COMPANY.

1. VERIFICATION OF PLEADING — *Objection, Too Late.* A pleading was verified by the affidavit of the plaintiff's attorney as follows: "STATE OF KANSAS, HARPER COUNTY, *ss.* R. B. S., being first duly sworn, deposes and says: That he is one of the attorneys for the plaintiff in the above-entitled action; that he believes the facts stated in the foregoing answer to be true, and the reason why this affidavit is not made by the plaintiff is, that said plaintiff is not a resident of and is

now absent from the state of Kansas.—R. B. S." No objection was made to this verification before the trial, nor until a large portion of the evidence was introduced on the trial, when the objection was made by the adverse party and overruled by the court. *Held*, not error.

2. CASE-MADE, *Not Containing all the Evidence.* When a case-made or record brought to the supreme court does not purport to contain all the evidence introduced on the trial below, the supreme court cannot say that any finding or decision of the trial court founded upon such evidence is erroneous.

*Error from Harper District Court.*

THE opinion states the case.

*Love & Snelling,* and *Geo. E. McMahon,* for plaintiff in error.
*Shepard, Grove & Shepard,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On July 10, 1886, an action was brought in the district court of Harper county by the Buford & George Implement Co., a corporation, against W. M. Warner and W. F. Miller, partners as Warner & Miller, to recover $3,093.61 on certain instruments in writing. Also at the same time an order of attachment was procured by the plaintiff and was levied by the sheriff upon certain property as the property of the defendants. On April 6, 1887, E. G. Hoopes, under the provisions of the General Statutes, (Gen. Stat. of 1889, ¶¶ 4123, 4124,) interpleaded, claiming the property under a certain deed of assignment executed to him by Warner & Miller and their wives on June 15, 1886. On January 23 and 24, 1888, a trial was had between the plaintiff, The Buford & George Implement Co., and the interpleader, Hoopes, and afterward and on January 31, 1888, a judgment was rendered in favor of the plaintiff and against the interpleader, giving the property to the plaintiff and assessing the costs against the interpleader; and to reverse this judgment the interpleader, as plaintiff in error, brings the case to this court.

Extensive and elaborate briefs have been filed by counsel

on both sides; but it seems to us that much of the argument made by counsel cannot be considered by this court. Two principal questions are presented by the brief of the plaintiff in error, as follows:

"1. Did the court below commit error of law, at the trial, by permitting the plaintiff below to introduce, over the objection and exception of the interpleader below, evidence tending to prove that the deed of assignment had not been executed and delivered as set forth in the interplea of the interpleader?

"2. Was the finding of the court below unsustained by the evidence, and contrary to the law?"

The first question is supposed to arise upon the following facts: The interpleader in his pleading set forth a claim to the property in controversy under the aforesaid deed of assignment. The plaintiff in its reply thereto set forth facts putting in issue the execution of such deed of assignment. This reply was verified by the affidavit of one of the attorneys of the plaintiff, as follows:

"STATE OF KANSAS, HARPER COUNTY, ss. R. B. Shepard, being first duly sworn, deposes and says: That he is one of the attorneys for the plaintiff in the above-entitled action; that he believes the facts stated in the foregoing answer to be true, and the reason why this affidavit is not made by the plaintiff is, that said plaintiff is not a resident of and is now absent from the state of Kansas.           R. B. SHEPARD."

It is claimed by the interpleader that this verification is not sufficient, for the reason that it does not state that the facts set forth in the plaintiff's pleading were within the personal knowledge of the attorney verifying the same. This is the sole foundation for the first question presented by the interpleader. This verification was made and the pleading thus verified was filed on May 3, 1887. The trial did not take place until in January, 1888, as aforesaid. After the case was called for trial and after the jury was impaneled, the counsel for the plaintiff stated its case in full to the court and jury. Then one of the counsel who appeared for both the defendants and the interpleader stated their case to the jury, setting forth in considerable detail the execution and delivery of the

aforesaid deed of assignment, that the assignee who was then the interpleader had entered upon the discharge of his duties, had taken possession of the property, had had it appraised, etc. The plaintiff's counsel then made the following additional statement:

"GENTLEMEN OF THE JURY: I will state our defense to this action of E. G. Hoopes in as few words as possible.

"We have about fifteen defenses to Mr. Hoopes's claim in this matter, and one of them is, that Warner & Miller never executed a deed of assignment; and another is, that Hoopes never gave any bond at the time of entering into the possession of this property; and another is, that this property never went into the possession of Mr. Hoopes, and the assignment was only made for the purpose of worrying and delaying the creditors of Warner & Miller; that this deed was not executed until October, 1886, and that Hoopes never filed a bond; and that, therefore, Mr. Hoopes has no claim or right to the possession of this property; and for these facts the Buford, & George Implement Company is entitled to recover the amount of its claim."

The parties then went to trial upon all the pleadings, including the aforesaid pleading of the plaintiff's, putting in issue the execution of the aforesaid deed of assignment and the verification thereof, without interposing any objection to the verification and as though it was perfect in every respect. The plaintiff first introduced its evidence. The interpleader then introduced his evidence, which had relation to the execution of and included the deed of assignment and all that · was done under it, etc. The plaintiff then offered to introduce evidence in rebuttal, but the interpleader "objected because under the pleadings no evidence is necessary, the execution of the deed of assignment not being denied under oath as required by law." The court overruled the objection, and the plaintiff then introduced further evidence; and the interpleader also introduced further evidence. It does not appear that any other or further objection was made to the aforesaid verification.

We shall decide the question now presented upon the theory that when a pleading is verified by the party's attorney, it

should be stated or shown somewhere that the attorney has personal knowledge of the facts set forth or involved in the pleading; and upon this theory, did the court below commit any material error? The statutes applicable to this question are §§ 108 and 114 of the civil code. We are inclined to think that the court below did not commit any material error. The pleading of the plaintiff gave ample notice to the interpleader that the plaintiff denied the execution of the deed of assignment, and that it intended upon the trial to rely upon such denial as a defense to the interpleader's claim; and such pleading was in fact verified, and no motion was ever made to strike it from the files or to strike out or set aside the verification thereof. (*Warner v. Warner*, 11 Kas. 121.) Indeed, no objection of any kind was made to the verification before the trial. The interpleader went to trial upon this pleading and the verification thereof without objection, and did not object until after a large portion of the evidence had been introduced. The court probably then had the discretion either to overrule the objection, as it did, or to require that the verification should be amended; but, exercising a sound judicial discretion, the court probably did right in overruling the objection. The first question, therefore, presented to this court by the interpleader, who is now the plaintiff in error, must be decided against him.

The next question presented by the interpleader is whether the court below erred or not in its findings upon the evidence. The trial was at first commenced before the court and a jury, but before the trial was completed the court, with the consent of the parties, discharged the jury, and the trial was then carried on to its termination before the court alone. Now the question whether the court erred or not in its findings depends entirely upon the evidence introduced on the trial, and we cannot determine that the court erred unless we have the whole of such evidence before us. We have nearly 100 pages of evidence, closely written upon a type-writer, but there is nothing in the case or record that shows that this is all the evidence; hence, according to all the decisions of this

court upon the subject, we cannot say that the court below erred in its findings or decision upon the evidence. (*The State v. Comm'rs of Harper Co.*, 43 Kas. 195–197, and cases there cited; same case, 23 Pac. Rep. 101, 102; *Johnston v. Johnson*, 44 Kas. 666; same case, 24 Pac. Rep. 1099.) The defendant in error, plaintiff below, raises this question directly and specifically, and objects to our consideration of the case upon the evidence, for the reason that the record brought to this court does not purport to contain all the evidence; and under the foregoing decisions we think the objection is good. When a case-made or record brought to the supreme court does now purport to contain all the evidence introduced on the trial below, the supreme court cannot say that any finding or decision of the trial court founded upon such evidence is erroneous.

The judgment of the court below will be affirmed.

All the Justices concurring.