THE STATE OF KANSAS v. L. M. KRAUSE *et al.*
No. 10559.

1. AMENDMENT OF PETITION — *introducing new cause of action to conform pleading to facts proved, not permissible at trial.* An amendment of a petition, introducing a new and distinct cause of action, after the issues have been joined and the trial begun, is not permissible for the purpose of conforming the pleadings to the facts proved, as it would "change substantially" the claim of the plaintiff. Civil Code, § 139.

2. ——— *record held not to show all parties treated petition as amended.* An examination of the proceedings does not warrant the assumption that all the parties and the court treated the pleadings as amended and as bringing in issue a cause of action not mentioned in the pleadings.

3. COUNTY-TREASURY EXAMINATION — *not competent evidence as to condition of treasury at time.* The verified report of the examination of the county treasurer's office, made by the probate judge and two examiners appointed to assist him, under the provisions of sections 1708-9 of the General Statutes of 1889, is not competent evidence as to the condition of the treasury when the examination was made.

Error from Barton District Court. Hon. Ansel R. Clark, Judge. Opinion filed November 6, 1897. *Reversed.*

*E. L. Hotchkiss, G. W. Nimocks* and *David Martin,* for plaintiff in error. ·

*William Osmond,* for defendants in error.

JOHNSTON, J. This was an action against the principal and sureties upon the official bond of L. M. Krause as county treasurer of Barton County. Krause was first elected to the office in 1887, for the term commencing in October, 1888, and he was re-elected in 1889 for the term commencing in October, 1890. The official bond given for the second term is the one upon which this action was brought, and it was alleged in the petition that the bond was executed and filed for the second term, commencing October 2, 1890, and ending October 2, 1892. It was further alleged that he received as such treasurer $304,870.90; that at the end of the term there was due from him and should have been turned over to his successor $56,440.69; but that in fact he only turned over $51,-112.27, leaving a deficit for the term of $5,328.42, for which judgment was asked. A trial was had without a jury. Although no claim of a deficit during the first term was made in the pleadings, the court examined, to some extent, the accounts of the treasurer for that term, and, in its findings, held that the deficit for both terms was $4,536.97, of which $2,990.85 should be charged to the first term, and the remainder, $1,546.12, to the second term. Assuming that the question was open for decision, the court held that the Statute of Limitations barred the recovery of the deficit that occurred during the first term of office,

and gave judgment for the deficit found to have accrued during the second term. The plaintiff complains of this ruling, and insists that judgment should have been given against the defendants for the deficit found in the first term, as well as the deficit for which the action was brought.

The default, if any, during the first term, was not an issue in the case, and the question as to the Statute of Limitations is not fairly open for consideration.

2. Record held not to show all parties treated petition as amended.

There is no averment in the petition that there was a default during the first term. In fact, there was in the petition no reference to a first term, nor to the official bond given for the term. In the course of the trial, there was some inquiry as to the condition of the treasurer's office before the commencement of the second term, but this was necessary in order to determine the amount of money which was in his hands at the beginning of the second term, and for which he and his sureties on the second bond were liable.

During the trial, the plaintiff suggested a desire to amend the petition, and the court ruled that leave would be granted ; but the plaintiff did

1. Amendment of petition not permissible, when.

not clearly indicate the nature of the amendment desired, and in fact no amendment of any kind was ever made. It is now claimed by the plaintiff that the court and parties treated the petition as amended, and that therefore this court should treat it as setting up an additional cause of action on the first bond and as claiming judgment against the sureties for a default during the first term. The record does not warrant us in assuming that the court and parties tried the case upon the theory that both terms of the treasurer were involved or that a recovery was sought upon both of his official bonds. It appears that the defendants made frequent

objections to testimony which related only to the first term, some of which were sustained upon that ground; and, from the rulings made, it would appear that, during the greater part of the trial, the court below proceeded upon the theory that the recovery was sought only upon the second bond.

The allowance of an amendment introducing a new and distinct cause of action, after the issues had been joined and the trial begun, would be a questionable practice. The Code provides that in furtherance of justice an amendment may be made, before or after judgment, in order to conform the pleading or proceeding to the facts proved, "when such amendment does not change substantially the claim or defense." Civil Code, § 139. The amendment sought to be made would have changed substantially the claim of the plaintiff, by introducing a new cause of action upon a written instrument entirely independent of the one upon which the action was originally brought. Under the common law, an amendment introducing an entirely new cause of action was not allowed, and although, under the codes, more liberal rules obtain as to amendments, yet most of the courts deny the right to introduce new and distinct causes of action after the issues have been joined and the trial begun.

There is another objection to such an amendment, or to treating the petition as amended. The sureties on the two bonds were not identical. One of the defendants who was on the second bond, and against whom judgment was rendered, was not a surety upon the first bond; and as the plaintiff asked and obtained judgment against that surety upon the second bond an action upon the first bond could not properly have been joined. The Code provides what causes of action may be joined; but it further provides that "the causes of action so united must all belong to one of

these classes, and *must affect all the parties to the action*, except in actions to enforce mortgages or other liens.'' Civil Code, § 83 ; *Hoye v. Raymond*, 25 Kan. 667. The causes of action proposed to be united would not have affected all the parties to the action, and, as the parties stood, the desired amendment was not permissible. The first bond was, therefore, not an issue in the case, and no question thereon is before us for decision.

The court, over the objection of the plaintiff, admitted in evidence the certified statement of the funds found in the treasurer's office, made by the probate judge and two other examiners who were appointed to assist the probate judge in making the examination. It was the quarterly examination, made in pursuance of the provisions of paragraphs 1708 and 1709 of the General Statutes of 1889, which, at the best, cannot be a very thorough or complete examination of the condition of the treasury. The examiners are required to examine and count the funds, and if they find the funds in the treasury as appears by the books of the county treasurer, they are to so certify in a report, to be filed with the county clerk, and make oath to the same. If they find a deficiency, they are to report the facts to the county clerk, who is required to notify the county commissioners, who are to take such action as may be necessary. In this case, the examiners reported that the amount to be accounted for, as appeared from the books, was $26,628.03 ; that the amount on deposit in the county depository was $26,504.63 ; and that the cash on hand in the office was $123.40. The two latter amounts, as will be observed, equal the amount charged on the books. The certificate was signed by the probate judge and the two other examiners, and was sworn to before the county

3. County-treasury examination not competent evidence.

clerk. It does not appear to have been filed in any public office; but in no event can it be regarded as testimony showing the condition of the treasury. There is no statute which makes the verified statement of the examiners evidence in any court of record, and nothing in its character, or in the manner in which it is prepared, entitles it to be received as evidence. It was no more than the declarations of these parties, and no closer an approach to testimony than their affidavits would have been.

There was some other testimony that tended to prove the amount in the treasury at the time of this examination, but the trial court specifically states that its finding as to the amount on hand at the time stated was based upon this examiners' report. For some reason, the court treated the examiners' report as evidence of a conclusive character, and held that it completely overthrew the case as made by the State. The error therefore must be regarded as prejudicial, and for this reason alone the judgment will be reversed and the cause remanded for a new trial.