No. 26,838.

CLARA T. BIRCH, *Appellee*, v. THE SOLOMON NATIONAL BANK, *Appellant*.

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Decisions Reviewable—Motion to Strike Out.* A ruling denying a motion to make a pleading more definite and certain is ordinarily not a final order, and cannot be reviewed on appeal until after final judgment.

2. HOMESTEADS—*Rights of Adult Children—Judicial Sale.* The averments of a petition asking that plaintiff's title to land claimed as a homestead be quieted, examined, and *held,* following the ruling in *Solomon Nat'l Bank v. Birch,* post, p. 334, the facts alleged did not state a cause of action.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed June 12, 1926. Reversed.

*David Ritchie* and *Omer D. Smith,* both of Salina, for the appellant.
*Ira N. Tice* and *William Tice,* both of Beloit, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:    Clara T. Birch brought this action to quiet her title to a tract of land against the claims of the Solomon National Bank. In her petition she alleged that she was the widow of William Birch, who had been the owner of the land and had occupied the same as his homestead; that upon his death she and her children inherited the land; that she had purchased the shares of her sons, Lester Birch and Dallas U. Birch; that the premises had been occupied by her and her sons as a homestead; that the defendant had procured judgment against her sons on which an execution had been issued and levied upon the shares inherited by them; that a sale had been made and the bank was seeking to procure the execution of a deed to the premises and then to obtain partition of the same which would operate as a cloud upon her title. In a second cause of action plaintiff recounted the facts stated in the first, and added that the defendant, well knowing that the land was not subject to levy and sale under its judgment, had maliciously caused execution to be levied on the land for the purpose of annoying her and of injuring her title, for which she asked damages in the sum of $1,150, and also a judgment quieting her title as against its claim.

Appeal and Error, 3 C. J. p. 487 n. 30.   Homesteads, 29 C. J. p. 1004 n. 11.

A motion was made by defendant to make the petition of plaintiff more definite and certain in some particulars, and defendant also filed a demurrer to the second cause of action. The motion to make more definite and certain was taken under advisement, and later the court found that the petition had been amended in some particulars and decided to overrule the motion.

Complaint is made of this ruling, but as it did not involve the merits nor determine the action, it was not a final order and cannot be reviewed until after final judgment. (*Whitlaw v. Insurance Co.,* 86 Kan. 826, 122 Pac. 1039.)

The demurrer appears to have been aimed particularly at the second count of the petition, asking damages as well as the quieting of plaintiff's title. However, all the facts of the first count were incorporated in the second, and their sufficiency are open to review. The case was submitted with one just decided, *Solomon Nat'l Bank v. Birch,* post, p. 334, wherein a motion to set the sale aside was held to be wrongly sustained. The instant case involves the exemption of the shares of Lester Birch and Dallas U. Birch, and it having been determined in that case that the shares inherited by them in the land claimed as a homestead were not exempt, but were subject to sale for their own debts, it follows that the demurrer to the petition should have been sustained.

The decision is therefore reversed.