No. 27,832.

LESTER BIRCH, as Administrator, etc., *Appellee,* v. THE SOLOMON
NATIONAL BANK, *Appellant.*

(263 Pac. 1044.)

SYLLABUS BY THE COURT.

1. PLEADING—*Amendment.* The court is not authorized under the statute (R.
S. 60-759) to permit an amended petition to be filed which changes sub-
stantially the claim of plaintiff.

2. SAME—*Amendment—Substantial Change of Claim.* An amended petition
which sets up, seeks to establish and to foreclose a parol mortgage on real
property held to change substantially the claim of the plaintiff in the
original petition for quieting title and enjoining an execution sale.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion
filed February 11, 1928. Reversed.

*David Ritchie,* of Salina, for the appellant.

*Ira N. Tice,* of Beloit, and *A. M. French,* of Concordia, for the appellee.

The opinion of the court was delivered by

HARVEY, J.:   In the original petition filed in this action, the plain-
tiff, Clara I. Birch, alleged that she was the widow of William Birch,
and that she and her children, Lester Birch, Dallas U. Birch and
Stella D. Allen, inherited the land in controversy from him, and that
she and her sons occupied it as their homestead; that Lester Birch
in 1923 and Dallas U. Birch in 1925 had, by deeds, conveyed their
interest in the lands to plaintiff, who then became the owner of the
undivided five-sixths thereof; that in 1921, the defendant bank had
obtained a judgment against Lester Birch and Dallas U. Birch, in the
sum of $1,281.55; that in May, 1925, defendant caused an execution
to issue on that judgment and to be levied upon the undivided in-
terest of Lester and Dallas U. Birch in such real estate; that such
execution was levied subject to a mortgage of $5,500. of record
against the whole of such lands, and that at the time of the sale the
sheriff and the defendant were informed that the $5,500 mortgage
stood against the undivided interest of Lester and Dallas U. Birch
prior to their conveyance to plaintiff; that defendant was proceed-
ing to get a sheriff's deed under such sale, which would be a cloud
on plaintiff's title.   The prayer was that the execution sale be set

Pleading, 31 Cyc. p. 412 n. 99; 21 R. C. L. 583.   Quieting Title, 32 Cyc. p.
1365 n. 65.

aside and that plaintiff's title be quieted as against the bank to an undivided five-sixths of the land.

The petition contained a second cause of action for damages against the bank for a wrongful levy. Defendant's demurrer to this second cause of action was overruled by the trial court, but on appeal to this court that ruling was reversed with directions to sustain the demurrer. (*Birch v. Solomon Nat'l Bank,* 121 Kan. 333, 246 Pac. 688.) At the time of hearing of that demurrer in the court below the court also heard the bank's motion to confirm the sheriff's sale, in the case of the *Bank v. Lester and Dallas U. Birch,* and the motion of defendant therein to set aside the sale. Evidence was taken, and the sale set aside on the ground that the real property had continued to be the homestead of Lester and Dallas U. Birch until they conveyed their interest to their mother. On appeal to this court that ruling was set aside, with directions to confirm the sale. (*Solomon Nat'l Bank v. Birch,* 121 Kan. 334, 246 Pac. 1007.)

After those decisions in this court, as a result of which it had been determined that the bank had, by the execution sale, acquired the interest of Lester and Dallas U. Birch in the real property in controversy, it became obvious that the purpose of plaintiff's action, as set out in her first cause of action, had failed, and that the relief she sought, viz.: that the execution sale be set aside and that her title be quieted against the bank, could not be granted. Plaintiff then filed an amended petition in which she alleged, in substance: That she inherited from her husband an undivided one-half interest in the land in question; that the whole of the land was then encumbered by a mortgage for $3,000; that thereafter and in May, 1914, her sons, Lester and Dallas U. Birch, desired $2,500 for their own use in purchasing another farm; that plaintiff, her daughter and two sons, increased the mortgage on the home place from $3,000 to $5,500, her sons Lester and Dallas U. Birch orally agreeing that the additional $2,500 should be an additional lien upon their interest in the land; that this agreement had been renewed each time the mortgage had been renewed; that in pursuance of such agreement Lester and Dallas U. Birch had conveyed their interest in the real estate to plaintiff; that thereafter plaintiff had paid $3,200 interest and principal of the mortgage so owed by Lester and Dallas U. Birch, and that there is due on said mortgage the sum of $1,000 with interest at

ten per cent since May 5, 1925. She prayed judgment against the interest of Lester and Dallas U. Birch, and that the same be sold to satisfy such judgment against such interest and the interest of the bank.

The defendant bank moved to strike this amended petition from the files for the reason that it changed the claim and cause of action which plaintiff set out in her original petition. This motion was overruled. Appellant complains of that ruling. It was erroneous. Our statute does not authorize amendments which "change substantially the claim or defense." (R. S. 60-759; *Jewett v. Malott,* 60 Kan. 509, 57 Pac. 100; *Railway Co. v. Henrie,* 63 Kan. 330, 65 Pac. 665.) To demonstrate that the amended petition changed substantially the claim of the plaintiff it is only necessary to read and compare the two petitions. In the original petition plaintiff sought to enjoin an execution sale and to quiet her title on the ground that defendant had no interest in the land; in the amended petition both the claim made and the relief sought in the original petition are abandoned, and plaintiff bases her claim on a parol mortgage on certain interest in the land, which she seeks to have foreclosed and the interest sold. Moreover, the necessary parties for the determination of the controversy presented by the amended petition are not before the court. Stella D. Allen, Lester Birch and Dallas U. Birch are not parties to this action, and a judgment rendered therein would not be binding on them.

The judgment of the court below is reversed with directions to sustain the motion to strike the amended petition from the files.