No. 28,759.

DELLA STAZEL, *Appellant,* v. DAVE HERNDON, MARIE McFADDEN et al., *Appellees.*

(281 Pac. 918.)

Opinion filed November 9, 1929.

F. J. *Oyler,* of Iola, for the appellant.

R. B. *Smith,* of Erie, C. M. *Brobst* and *Hugo T. Wedell,* both of Chanute, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The question involved here is whether the trial court committed reversible error in striking from the files an amended petition filed by the plaintiff on the ground that its allegations were a departure from the allegations of the original petition.

The action was one in which the plaintiff sought to eject Herndon and his wife from certain real estate and have judgment against them for damages and treble damages. (R. S. 21-2435.) Answer was duly filed and on application of the defendants Herndon, McFadden and wife were made parties. A motion on behalf of the McFaddens to dismiss them from the action was sustained and they went out of the case. Trial was had to a jury, verdict for plaintiff and a finding made that the defendants Herndon had trespassed upon a portion of land described in plaintiff's petition. A motion by the defendants for a new trial was sustained, whereupon the plaintiff obtained permission of the court to file an amended petition and to make the McFaddens parties to the action. The amended petition when filed included land extending fifty feet further south than that described in the original petition, overlapping ground purchased by the defendants Herndon from the defendants McFadden. The defendants assert that after plaintiff filed her original action defendants had a survey made of the premises claimed by the plaintiff, which was a complete defense to plaintiff's claim, and that plaintiff's amended petition includes the fifty feet of additional ground, which renders worthless and destroys defendants' defense supplied by said

survey, and that therefore the striking of plaintiff's amended petition from the files was proper.

The plaintiff contends that the only difference between the original and amended petitions is that in the former the land was designated by the legal description and in the latter it was described by metes and bounds; that a mistake was made in pleading the facts according to the legal description. We are of the opinion that the amended petition was not such a departure as to change the cause of action or claim. It did not introduce a new cause of action and therefore does not come under the rule announced in *State v. Krause,* 58 Kan. 651, 50 Pac. 882, nor in *Jewett v. Malott,* 60 Kan. 509, 57 Pac. 100, as contended by the defendants. The plaintiff is the same, the defendants are the same and the cause of action is the same that it was before, except that the description of the land in question was set out more minutely. That is to say, the facts were set out in more detail in the amended petition than in the original. Where the same subject, same parties, same grounds for relief are present in an amended petition as in the original, the amended petition is not a departure and such an amendment is not objectionable. (*Grand Lodge v. Troutman,* 73 Kan. 35, 84 Pac. 567.) It is a rather well-settled rule that where an amended petition is filed, though improperly, unless it is shown that the defendants would be substantially prejudiced it will not be disturbed. (R. S. 60-760; *Bear v. Cutler,* 86 Kan. 66, 119 Pac. 713.) Amendments in furtherance of justice are favored and should be allowed. (*S. K. Rly. Co. v. Rice,* 38 Kan. 398, 16 Pac. 817; *Bogle v. Gordon,* 39 Kan. 31, 17 Pac. 857; *Stith v. Fullinwider,* 40 Kan. 73, 19 Pac. 314; *Kennett v. Van Tassell,* 70 Kan. 811, 79 Pac. 665; *Deter v. Jackson,* 76 Kan. 568, 92 Pac. 546.)

The judgment is reversed and the cause remanded with instructions to overrule the motion to strike.