## WEST v LANDIS

Ohio Appeals, 2nd Dist, Montgomery Co

No 1211.   Decided Jan 26, 1934

Allaman, Funkhouser & Murr, Dayton, for plaintiff in error.

Matthias H. Heck, for defendant in error.

## OPINION

By HORNBECK, PJ.

A number of grounds of error are asserted but in our judgment, there is only one of substance, namely, whether or not the amended statement of claim is a substantial change of cause of action, if so is not permissible under our code. Judge Snediker based his opinion in affirming the judgment of the Municipal Court upon the case of **Spice and Son v Steinruck, 14 Oh St, 213.** The first syllabus of which is as follows:

"1. The restriction upon amendments in §137 GC, that the proposed amendment 'must not change substantially the claim or defense' does not refer to the form of the remedy, but to the general identity of the transaction forming the cause of complaint."

There have been many pronouncements upon this subject matter throughout the years since this case was decided but no Supreme Court decision has questioned the law as set forth in the first proposition of the syllabus. Some opinions in lower courts have challenged the correctness of the Steinruck decision notably Judge Kinkade in the case of **Mead v Couch, 13 O.N.P.** **(N.S.) 470.** Then too, it might be said that the ultimate adjudication which is the law of the case in Mead v Couch is not in conflict with the first syllabus of the Steinruck case heretofore quoted.

In Bates Pleading Practice, Parties and Forms, Fourth Edition, Paragraph 507, among other criteria set forth to determine if the amendment is the same cause of action as originally plead are, (1) "Does the same evidence support both; (3) Will the judgment on the latter bar recovery on the former." If so they are the same. Citing Birch v Bank, 125 Kan., 211.

We are satisfied that applying either or both of these tests to the cause of action set up in the amended statement of claim there is no substantial change of cause of action. It will be observed that the amended statement of claim avers that the cause of action is on an **account** for money advanced at the special instance and request of the defendant. The trial court held that proof was made both on account and on the charge that the amount prayed was due for money advanced at the special instance and request of defendant.

The substantive right upon which the remedy was predicated is the same. The defendant was definitely put on notice of the subject matter of proof which he would be required to meet. It would be stressing a technicality to require the plaintiff to dismiss and institute another action when all parties were in court and cognizant of the issue of fact.

Upon any theory upon which this court could review this case, in as much as we are required to support the record if it can be done, the judgment must be affirmed. Finding no error prejudicial to the plaintiff in error, the judgment will be affirmed.

KUNKLE and BARNES, JJ, concur.