No. 31,294

J. W. Jenkins Sons' Music Company, *Appellant,* v. C. W. Stehley, *Appellee.*

(31 P. 2d 33.)

Opinion filed April 7, 1934.

*Ralph H. Noah,* of Beloit, for the appellant.

*Leon W. Lundblade,* of Beloit, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This is an action to recover the balance due on two notes in the form of sales contracts for the sale and purchase of theater equipment, where each note or contract was secured by a chattel mortgage on the goods sold. The contracts and papers securing the same are attached to the petition as exhibits.

The first note was for $1,600 for the sale to the defendant of a Universal Sound System on which the unpaid balance was $1,052. The second note was for $315 for the sale to the defendant of an amplifier and fader for the Universal Sound System, on which the unpaid balance was $257.92. These constituted the two counts of the plaintiff's petition.

The amended answer and cross petition admitted the execution of the sales contracts and the security contracts as alleged by plaintiff and attached to plaintiff's petition as exhibits A and B on the purchase of the Universal Sound System, and C and D on the purchase of the amplifier and fader, and admitted the statements therein contained as to amounts involved in the transactions, but pleaded an implied warranty that the equipment purchased was reasonably fit for the work and use for which it was purchased, and that the warranty was breached by the plaintiff, because it was not fit for the work and use for which it was purchased and that by reason thereof the defendant was forced to remove the same and equip his theater with an entirely new sound system, and because the sound was not clear and distinct and at times could not be understood by persons in the audience his patronage at the theater was greatly decreased; and he prayed that he recover the $695 he has paid on contracts A and B, and $75 on contracts C and D, and $1,800 for loss of receipts sustained by reason of such defects and for costs.

The trial court held the burden of proof to be on the defendant, and after a full trial the jury rendered a verdict for defendant for $695 and answered a number of special questions. After several motions, including a motion for a new trial, had been passed upon, the plaintiff appealed.

The main question involved in the appeal is the right of the defendant to plead and recover upon an implied warranty. The defense in the original answer was based upon what was regarded as an express warranty, by reference to a statement printed on the back of the sales contract (Exhibit A) which the answer and cross petition admitted had been executed by plaintiff and defendant. After the opening statement made by counsel for defendant to the effect that the evidence of defendant would show that the defects in the sound system became apparent about a week or more after the system was installed, the attorney for plaintiff moved the court for judgment for plaintiff on the pleadings and opening statement of defendant, and the court was inclined to sustain the motion, when defendant asked leave to amend his answer and cross petition by interlineation so as to plead an implied warranty and a breach thereof. Leave to do so was granted, and after the interlineations to that effect were made the trial proceeded. The error assigned by the appellant as to being required to proceed with the trial

without delay and time to prepare to meet these changed issues is fully met by the fact shown in the record that when the trial court granted the defendant leave to amend his answer and cross petition by interlineation, he at the same time offered the plaintiff the privilege of deciding whether to go to trial or not, and after consultation plaintiff's counsel announced, "We will go ahead on the amendment as made," and then renewed its motion for judgment on the pleadings as amended and the opening statement, which motion was by the court overruled.

The first and second errors assigned by appellant are considered together. They are that the court erred in permitting the amendment to the defendant's answer and cross petition after the opening statement and in overruling the appellant's motion for judgment on the pleadings and opening statement. Incidentally, reference is made to the fact that the answer and cross petition, as amended by interlineation, was not reverified or refiled, but our attention is not directed to any statute requiring a reverification or a refiling when the amendment is allowed by the court to be made in the original pleading by interlineation (see 49 C. J. 550), and, besides, the attention of the court was not called to the matter in time. (See *Warner v. Warner,* 11 Kan. 121; *Hoopes v. Implement Co.,* 45 Kan. 549, 26 Pac. 34; and *Hornick v. U. P. Railroad Co.,* 85 Kan. 568, 118 Pac. 60.)

The appellant urges that there can be no implied warranty where there is an express warranty, that they are inconsistent, and one is a denial and contradiction of the other; that the express warranty being admitted by the original answer and cross petition, the amended answer and cross petition alleging an implied warranty introduced a new defense which is defeated by the very existence of an express warranty. In support of appellant's position on these propositions the following Kansas cases are cited: *State v. Krause,* 58 Kan. 651, 50 Pac. 882; *Railway Co. v. Henrie,* 63 Kan. 330, 65 Pac. 665; and *Birch v. Solomon Nat'l Bank,* 125 Kan. 211, 263 Pac. 1044.

Before reviewing these authorities it may be well to state the express warranty referred to. It consists of the following language, found on the back of the first sales contract, being Exhibit A:

"If after one picture is run the equipment is not satisfactory, it will be removed and all money returned and contract closed."

It is not signed by any of the parties, nor is it in any way referred to in the sales contract, although the following clause is a part of the contract and found immediately above the signatures of the parties:

"It is specifically understood that all agreements in connection with this sale are embodied in this written agreement and neither the seller nor the purchaser is obligated in any way on account of this sale, except as herein specified."

Exhibit A, attached to the petition, is admitted in the answer and cross petition and the amended answer and cross petition to be a copy of the sales contract signed by him.

As stated above, there may be doubts under these circumstances as to whether or not this indorsement on the back of the contract is an express warranty, but since it was so regarded during the trial, it may be best not to pursue that inquiry any further but to regard it as such in this review.

The Krause case, *supra*, was a suit by the state upon the official bond of the county treasurer for a shortage during the last of his two terms. During the trial the plaintiff suggested a desire to amend the petition so as to include the first term as well as the last, and the court ruled that leave would be granted, but the plaintiff did not clearly indicate the nature of the amendment desired and no amendment of any kind was in fact made. It was later claimed that all parties treated the matter as if such amendment had been made, and the court held that the amendment sought to be made would change substantially the cause of action by introducing a new and distinct cause of action after the issues had been joined.

The Henrie case, *supra*, was where the owner of land sued the railroad company to recover for the breach of an express agreement to the effect that in consideration of the use of a right of way the company would furnish the plaintiff and his wife with free passes over the road during their lives, and he asked to recover the value of such passes. After failing to recover on that issue the plaintiff was permitted to amend his petition by alleging the using of the right of way without authority, and asked to recover the value of the land taken. It was held the cause of action stated in the amendment differed substantially from that in the original petition, and the amendment should not have been allowed.

The Birch case, *supra*, was where this court held an amendment

of a petition seeking to foreclose a parol mortgage on real estate should not have been allowed because it changed substantially the claim of the plaintiff in the original petition for quieting title and enjoining an execution sale.

There can be no contention as to the correct rule with regard to amendments of the kind above noted being improper, because they clearly state in each case a different cause of action from that originally stated.

Appellant cites 24 R. C. L. 178, where it is said:

"The fact that the contract of sale is evidenced by a writing does not preclude the implication of a warranty not inconsistent therewith. On the other hand, a warranty will not be implied in conflict with the express terms of the agreement, it being well settled that the seller may by express provision exclude the implication or importation therein of any warranties on his part, and ordinarily no warranty will be implied where there is an express warranty relating to the same matter. The broad rule has been laid down in a number of cases that an express warranty in a written contract excludes the idea of an implied one, but if the implied warranty does not relate to matters covered by the express warranty, the view has been taken that both may exist."

Do the allegations in the implied warranty, as stated in the amended answer and cross petition in the case at bar, relate to matters covered by the express warranty? The express warranty so considered mentions only the matter of the equipment not being satisfactory after one picture. The implied warranty stated in more than one place in the amended answer and cross petition "that such equipment was not reasonably fit for the work and use for which it was purchased and to be used." Not being satisfactory may refer to excessive price or excessive cost of maintenance, which are not at all related to the same matter as not being reasonably fit for the work or use for which it was purchased.

In the case of *Fetzer v. Williams*, 80 Kan. 554, 103 Pac. 77, the defendant, by leave of court, made an amendment in his answer which constituted a disaffirmance of a contract, and the court said:

"True, this change indicated a purpose to stand upon the theory of disaffirmance, but it did not constitute in itself an election—the words added recited that an election had been made long before. What the court then did was not to allow an actual change of election between inconsistent remedies, but to allow a change in the form of expression by which the defendant undertook to declare what choice he had previously made." (p. 557.)

In the case of *Hoard v. Jones*, 119 Kan. 138, 237 Pac. 888, which was a partition case and involved a certain antenuptial agreement, it was said on page 148 in the opinion:

"Appellants complain of the ruling of the trial court allowing the plaintiff to amend her reply, contending that it changed the issues. A trial court has such discretion in the matter of amendment of the pleadings before trial that it is difficult to predicate error upon the ruling. (21 R. C. L. 572 *et seq.*) This is especially true as to answers and replies. (31 Cyc. 424-456.) Here, because of the amended answers of the defendants Moorman and Jones setting out a correct copy of the antenuptial agreement, which differed in at least one material respect from the allegations concerning it in their original answers, that plaintiff was entitled to reply."

Although the case of *Craver v. Hornburg*, 26 Kan. 94, concerns an express warranty of a manufacturer, the relation of an express and implied warranty is plainly stated by Judge Brewer as follows:

"The defense was, that the machine was not reasonably fit for the work for which it was purchased, and upon discovery of the fact was, within a reasonable time, returned by the defendant to the plaintiff. Counsel for the plaintiffs in error challenge the whole scope of this defense, and insist that the machine had been accepted with a limited warranty, and that the only remedy that the defendant had was to retain the machine and recoup his damages sustained by breach of the warranty. We cannot agree with counsel in this claim; we think that when an article is ordered from a manufacturer for a specific and understood purpose, the purchaser may, after giving the article a fair trial and finding it unfit for the intended use, return it within a reasonable time to the manufacturer. An express agreement, such as was in this case, that the machine should be made of good material and well made, and should work well with proper management, does not deprive the purchaser of the right to return the machine if it will not do the intended work." (p. 95.)

The case of *Bowser & Co. v. Bathurst*, 91 Kan. 611, 138 Pac. 585, was between a dealer and a purchaser, and notwithstanding there was a written contract as to the goods purchased it was held the defendant might in his answer set up as a defense to the unpaid purchase price the fact that it did not work properly and failed to correctly measure the gasoline. The reply set up a copy of the contract, and the court put the burden of proof on the defendant and a judgment in his favor was affirmed.

The case of *Oliver Farm Equipment Co. v. Rich*, 134 Kan. 23, 4 P. 2d 465, has in it both an express and an implied warranty, and it was said:

"Where an order is made, in writing, for an '18 x 36 h. p. Standard' tractor, containing a warranty that the tractor 'is well made, of good materials and workmanship,' and the tractor delivered can neither develop nor sustain sufficient power to be of any value as a tractor, the consideration for a note given as part payment for the tractor failed, and the maker may properly defend against the note." (Syl.)

"There is a clear distinction between a warranty that the article will answer

the purpose intended by the buyer and an implied warranty that the article described is suitable to perform the ordinary work for which the described article is manufactured. There is a division of authority as to whether an express warranty of quality will exclude an implied warranty of fitness for the purpose for which the article is manufactured. We think the better rule is, which is supported by authority consistent with the decisions of this court, where the manufacturer sells a machine on a written order describing it, an express warranty of quality will not exclude an implied warranty that the machine will do the things which the description necessarily implies. There is nothing in the express warranty that excludes the obligation on the part of the appellee to deliver the engine described in the written order. It is a matter of common knowledge that an engine which will neither develop nor sustain power is of no value." (p. 28.)

The express warranty there was that it was well made, of good material and workmanship, and further that the retention of the machine for more than six days after the first day's use should be conclusive evidence that the warranty had been fulfilled. This was a Hart-Parr tractor sold to the defendant by a farm implement company. In this decision the following syllabus from the case of *Fairbanks, Morse & Co. v. Miller*, 80 Okla. 265, is quoted with approval:

"An express warranty in a contract of sale usually excludes an implied warranty; but, in the sale of machinery under a written contract of sale, in addition to the express warranty contained in the written contract, there is an implied warranty that such machine or article shall correspond with the description contained in the written contract of sale, and that the same is suitable to perform the ordinary work for which the described article is made or manufactured; and such an implied warranty does not contradict nor conflict with the express warranty." (Syl. ¶ 8.)

The case of *Tank Co. v. Oil Co.*, 108 Kan. 690, 196 Pac. 1111, was one where a dealer sold materials and performed the labor necessary for the construction of an oil tank to hold 1,600 barrels of oil, agreeing to exercise due care in selecting the material and in building the tank, and it was held that there was necessarily an implied warranty that the tank would be able to withstand the pressure of the designated quantity of oil when filled. It collapsed, and the court, after citing numerous cases, said, on page 693 of the opinion:

"Efficiency of the tank could be demonstrated in no way except by use, and the court properly instructed the jury that the oil company was permitted to. use the tank for a reasonable time, to determine its suitableness for the purpose for which it was built. Assuming the tank collapsed within that time, the tank company's liability became absolute, unless it could establish its defense

that the accident occurred through fault of the oil company. The tank did not stand up, the warranty was broken, and due care in selecting material and in building the tank was not a defense."

The third assignment of error was in the overruling of the demurrer of the plaintiff to the evidence of the defendant. In support of this proposition, as well as the previously assigned error, some of the cases cited are where the article was sold by trade name or other particular description generally known to those engaged in the business, and such was the theory and contention of the plaintiff in this case concerning the Universal Sound System, and quite a little testimony was introduced by plaintiff to that effect, but that proposition is entirely out of this case by reason of the findings of the jury to the contrary and the fact that there was sufficient evidence to support such findings.

The last assignment of error is the overruling of the motion for new trial and a feature specially urged, which was not included in the procedure generally, was newly discovered evidence which the plaintiff was unable to procure in time for the trial. Two such witnesses are named in the affidavit and they testified before the trial court on the motion for the new trial to the effect that they had talked with the defendant and he had said that the system that he had, which he was offering for sale, "worked good" and had been operating in a satisfactory manner. The defendant himself testified on the motion for new trial stating that he did not recall telling them that the machine worked, and did not say that the operation of the sound machine was satisfactory, but he did say that the power projector was all right. The defendant had, on cross-examination in the early part of the trial, been asked by the plaintiff's counsel if he had told others that the machine worked all right, and in his testimony he gave the names of eight people to whom he had talked about the equipment and that he had said that he thought if it were properly installed it would work all right. So the whole matter was before the trial court pro and con, and where there is a contradiction as to the facts on the hearing of the motion for a new trial, this court will not usually disturb the findings of the trial court in that regard unless there is an abuse of discretion.

"Upon the hearing of a motion for a new trial on the ground of newly discovered evidence, it is proper for the court to consider affidavits for, and against, the same. Where such affidavits are contradictory upon the facts, this court will not disturb the finding of the trial court, unless it shall appear that

an abuse of discretion exists." (*Culp v. Mulvane,* 66 Kan. 143, syl. ¶ 5; 71 Pac. 273.)

We find no error in the trial of the case or in the overruling of the several motions, including the motion for new trial.

The judgment is affirmed.