**GREEN, Plaintiff-Appellant, v. BAKER et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

Nos. 3936, 3937. Decided October 29, 1957.

John A. Ruffalo, Youngstown, for plaintiff-appellant.
Frank J. Battisti, Youngstown, for defendants-appellees.

## OPINION

By PHILLIPS, J.

Plaintiff appeals on questions of law from a judgment of the court of common pleas dated April 4, 1957, overruling his motions for a new trial in his actions against members of the Department of Police of

the City of Youngstown for damages for alleged assault and battery, false imprisonment and malicious prosecution, being numbered on the docket of the court of common pleas as 148225 (appeal number 3936) and 148227 (appeal number 3937), and by agreement of the parties and consent of the trial judge consolidated for all purposes in that court, and disposed of in this court in this opinion.

By petition filed in case number 148225 plaintiff alleges inter alia as follows:—

"Plaintiff further says that on the 12 day of January, 1955 at about 10:00 o'clock P. M., they were in the Mill Creek Tavern at 1596 Mahoning Avenue in the City of Youngstown; that the defendants without just cause or excuse committed an assault and battery upon this plaintiff and inflicted severe, personal and physical injuries upon plaintiff; that said defendants beat plaintiff with their fists and with a mace and caused numerous cuts, wounds and abrasions in and upon plaintiff's body and especially upon plaintiff's head and face and thereby caused his nose to be fractured and displaced so that the right side of his nose was completely blocked and that he has received permanent injuries to his face, head and nose and that he was thereby caused great pain and suffering, severe nervous shock and mental anguish and was put to great expense for medical treatment and hospital care; and that he will continue to suffer from said injuries for the rest of his natural life. That by reason of said injuries, he lost a large amount of time from his employment. * * *

"Wherefore plaintiff prays for judgment against the defendant for compensatory and punitive damages in the sum of $10,000.00 and his costs herein expended."

In his original petition filed in case number 148227 plaintiff alleges inter alia as follows:—

"* * * that his arrest and imprisonment by the defendants was without a warrant and without reasonable or probable cause and was brought about by the false and malicious acts of said defendants.

"Plaintiff further says that by reason of said forcible and unlawful arrest and detention and malicious prosecution by the defendants, he suffered great mental shock and has been greatly damaged in his reputation in the community and placed in contempt and derision among his friends and associates and he was compelled to expend a large amount for the services of counsel and his bond in order to be released from said imprisonment and malicious prosecution.

"Wherefore plaintiff prays for compensatory and punitive damages in the sum of $5,000 and reasonable sum for his attorneys fees together with his costs herein expended."

By supplemental petition filed in the trial court in the case numbered 148227 plaintiff alleged his acquittal in the Municipal Court of Youngstown of the charges for which he was arrested; that he incurred expenses of $563.90 in defending himself and was compelled to lose work, and sought damages against defendants for that amount and the sum of $5,000.00 for which he prayed judgment in his original petition.

By answers filed in both cases defendants admitted that they were duly authorized officers of the Police Department of the City of Youngs-

town and arrested plaintiff and caused him to be lodged in jail, and generally denied each and every other fact stated, averment made and allegation set forth in plaintiff's petition, and by affirmative defense in case number 148225 alleged:—

"Comes now the defendant and for his further answer and affirmative defense says that the plaintiff on said date was creating a disturbance, and that this defendant, while acting as a police officer performing his duties of his office, caused said plaintiff to be placed under arrest, and that said plaintiff resisted said arrest, and that said defendant used such force as was reasonable and proper to effect said arrest.

"Wherefore, having fully answered, defendant prays that the plaintiff's petition be dismissed and that he may go hence with his costs."

By affirmative defense in case number 148227 defendants alleged:—

"Comes now the defendant, and for his further answer and affirmative defense says that on the date set out in plaintiff's petition this plaintiff, together with his brother, Thomas A. Green, were creating a disturbance, as a result of which they were placed under arrest, and that in effecting said arrest this plaintiff resisted the same by force and the use of vile, vulgar and profane language.

"Wherefore, having fully answered, defendant prays that the plaintiff's petition be dismissed and that he may go hence with his costs."

Each of the parties introduced evidence to support the allegations of their respective pleadings not necessary to set forth in detail here, except to say that the bill of exceptions discloses that in the afternoon of the day of plaintiff's arrest defendant, Thomas Baker, met others in The Mill Creek Tavern for the purpose of playing shuffle board. Subsequently plaintiff entered the Tavern, began drinking and became loud and profane using loud, profane, obscene and vulgar language. Upon refusal to cease and desist, defendant, Thomas Baker, asked them to quiet down, which they refused to do. Refusing his second request to be orderly defendant, Thomas Baker, ordered a police cruiser dispatched to the Tavern, and ordered the trouble makers away.

The evidence discloses that later that evening the parties returned to Mill Creek Tavern and plaintiff started taunting defendant, Thomas Baker, and using loud, vulgar and obscene language resulting in a call to the police station and the arrival of the same officers who had been summoned earlier in the day, and defendant, Thomas Baker, ordered plaintiff arrested and placed in jail. Upon being requested to enter the cruiser plaintiff refused to comply and resisted arrest and struck defendant, Thomas Baker. Thereupon defendant, Thomas Baker, to subdue plaintiff struck him in the face and broke his nose. Finally plaintiff was subdued by the defendants and accompanying officer Farinelli.

The cases were submitted to the jury, which returned a verdict for the defendants. The trial judge overruled plaintiff's motions filed in each case for a new trial, and entered judgment for the defendants on the verdicts of the jury.

Plaintiff assigns grounds of error as follows:—

"1. That the verdict of the jury is contrary to law.

"2. That the verdict of the jury is manifestly against the weight of the evidence and contrary thereto.

"3. That the verdict of the jury was a result of passion and prejudice.

"4. That the verdict and findings of the jury should have been for the plaintiff instead of the defendants.

"5. That the court erred in receiving evidence on behalf of defendants to which the plaintiff then and there objected and excepted.

"6. That the court erred in refusing to receive evidence on behalf of the plaintiff to which refusal the plaintiff then and there excepted.

"7. That the court erred in refusing to permit the plaintiff to introduce evidence of malicious prosecution under the pleading.

"8. That the court erred in his general charge to the jury.

"9. That the court erred in depriving the plaintiff of the right of trial by jury guaranteed to him under the Constitution of the United States and the State of Ohio.

"10. That the court erred in depriving the plaintiff of his rights, privileges and immunities under the laws and the Constitution of the State of Ohio and the United States.

"11. Other errors apparent on the record."

By brief plaintiff propounds the question:—

"Was the ruling of the court in refusing to receive evidence based upon an action for malicious prosecution a deprivation of plaintiff's right of trial by jury as guaranteed to him under the Constitution?"

Supporting this assigned ground of error plaintiff cites the case of **Gibbs v. Village of Girard, 88 Oh St 34,** where it is stated in syllabus two:—

"The right of trial by jury, being guaranteed to all our citizens by the constitution of the state, cannot be invaded or violated by either legislative act or judicial order or decree."

The trial judge did not err to plaintiff's prejudice as urged in this assigned ground of error.

Plaintiff claims by brief:—

"The exclusion by the court of Exhibit 1, Affidavit for Disturbance, which document gave evidence as to sworn statement of the Commission of the Crime and the finding of the Municipal Court that the defendant, Thomas Green, was not guilty as charged (R. P. 386), and Exhibit 2, Warrant for Disturbance (R. P. 387), was prejudicial to the plaintiff and such an order of the court prohibiting this evidence was tantamount to a direction of a verdict in favor of the defendant in the action of malicious prosecution."

I do not think so.

Plaintiff propounds the question "Did the court err in refusing to permit plaintiff to introduce evidence of malicious prosecution under his petition and supplemental petition?"

Plaintiff states by brief that:—

"The testimony of the witnesses, Thomas Green, Donald Baker, Sam Farinelli and Tom Baker, adduced at trial and particularly the testimony of Thomas Baker established the fact that he was the one that demanded the arrest, jailing and booking of the plaintiff."

In support of this assigned ground of error plaintiff directs our attention to the case of **Siegel v. The O. M. Scott & Sons Co. et al, 73 Oh Ap 347 at page 351:—**

"The general rule is that to maintain an action for malicious prosecution, the following elements must be shown: (1) The institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage as a result of the action or prosecution complained of. 34 American Jurisprudence, 706, Malicious Prosecution, Section 6. See, also, 38 Corpus Juris. 386, 387. * * *

"The test of liability in such an action is: Was defendant actively instrumental in putting the law in force? To sustain the action, it must affirmatively appear as a part of the case of the party demanding damages that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion. 38 Corpus Juris, 395."

I am in accord with the defendants' argument as stated in their brief that:—

"It is notable that the appellant did not dismiss his action in false arrest or imprisonment; nor did he file an 'amended' petition, setting forth a new cause of action in malicious prosecution; nor did he request leave to file an amended petition so as to change the original cause of action from false arrest to malicious prosecution. He simply filed a 'supplemental petition,' alleging a verdict of 'not guilty' and requested attorney's fees.

"At the trial the court held, in substance, that the original petition set forth a claim in false arrest or imprisonment; and that the mere filing of a supplement alleging a verdict of 'not guilty' does not amount to an abandonment of the original cause of action and set forth in its stead a new cause of action in malicious prosecution. The ruling of the court was only proper under the circumstances.

"Sec. 2309.05 R. C., provides that a petition may be amended at any time before the answer is filed and that it may be done before the answer is filed 'without leave.' However, it was said in Weber & Co. v. Kemper Bros., 8 Dec. Rep. 403, that:—

"'Amendments are so allowed by virtue of that section, but they must be such amendments as would be allowed, after answer, by leave of court, and not entirely different claims or causes of action.' And see also 31 O. Jur. 321, at pp. 916, 917.'

"Sec. 2309.58 R. C., provides for amendments after the answer has been filed. Pursuant to that section, the court may permit an amendment as follows:—

"'Before * * * judgment, in furtherance of justice and on such terms as it deems proper * * * when the amendment does not substantially change the claim or defense * * *.'

"For general discussion of this language, see 31 O. Jur., Secs. 328, 329, 330 and 335 at pp. 923, 925, 927, 935.

"Whether the appellant might achieve an amendment of his pleadings as sought in the instant case is discretionary with the trial court; and the court's refusal to permit a showing of malicious prosecution

upon the filing of the supplement can not be held erroneous unless it is affirmatively shown that the court abused its exercise of discretion. See **Clark v. Clark, 20 Oh St 128.** The statutory guides offered to the court in the exercise of its discretion pursuant to §§2309.5 and 2309.58 **R. C.,** are whether the amendment is in 'furtherance of justice' and whether the amendment will 'substantially change the claim or defense.'

"Defendant was prepared to defend against false arrest or imprisonment, the theory of the complaint. To recover upon that complaint, the essential proof is an arrest without legal process. To recover upon the malicious prosecution, however, the essential elements of proof are an arrest by and through legal process without cause and a verdict of 'not guilty' of the charge. See Prosser on Torts, Hornbook Series, 1941 at p. 74.

"It is apparent that the issues to be joined and the facts to be proved in false arrest or imprisonment are different from those in malicious prosecution; and that a judgment upon one will not bar an action upon the other. See **West v. Landis, 16 Abs 312,** wherein the court states that the amendment is proper only when the following causes may be answered in the affirmative: 'Does the same evidence support both?' and 'Will the judgment on the latter bar recovery on the former?' If so, they are the same.'

"If the appellant chose another cause of action he should have pleaded over or he should have stated a second cause of action by way of an amended petition. His pleading, however, was an attempt to confuse and hide the theory of the action, thus allowance of the change of cause of action would not have been in the 'furtherance of justice,' and certainly it would have permitted an amendment which does in fact 'substantially change the claim or defense.' It would seem that the court would, indeed, have abused its discretion if it had allowed the appellant to proceed upon malicious prosecution and to abandon the claim of false arrest or imprisonment."

The quoted argument definitely demonstrates the trial court's reasons for refusing to admit the evidence upon which error is claimed to have intervened. I find no error in this respect.

Further plaintiff claims that the verdict of the jury is not sustained by sufficient evidence, is contrary to the manifest weight of the evidence, and is contrary to law, and should have been for the plaintiff instead of the defendants, and that the verdict of the jury is the result of passion and prejudice.

Plaintiff's arguments with respect to these assigned grounds of error are not persuasive.

Appellant's counsel has failed to call our attention to "other errors apparent on the record," as alleged as a ground of error, or to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record. as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly I will not pass upon this assigned ground of error.

Finding no error in any of the respects urged, upon which I have passed, the judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur in judgment.